## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MAYANCELA MAYANCELA, Jose Esteban )<br><br>Petitioner, )<br>)<br>v. )<br>)<br>ANDREW ACKLEY, Acting Warden, )<br>FCI, Berlin, NH. )<br>PATRICIA HYDE, Field Office Director, )<br>TODD LYONS, Acting Director U.S. )<br>Immigrations and Customs Enforcement, )<br>and KRISTI NOEM, U.S. Secretary )<br>of Homeland Security, )<br>PAMELA JO BONDI, Attorney General of )<br>the United States. )<br>Respondents. )<br>_____) | Case No. 25:348<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>A #216 504 398 |

## FACTUAL BACKGROUND

1. Jose Esteban Mayancela Mayancela is a citizen of Ecuador and a resident of Massachusetts. He has been present in the United States since 2014. He has been pursuing relief in Removal Proceedings since 2018. While an Immigration Judge denied his applications for relief from removal in 2020, Mr. Mayancela filed a timely appeal to the Board of Immigration Appeals on April 9th, 2020. His appeal has been pending since that date. The BIA took approximately 2 years to issue a briefing schedule, and the matter has been fully briefed and pending decision since May of 2022.[1] Exhibit. A, at 1.

_____

[1] Facts are drawn from the Record of Proceedings in the custody redetermination matter, attaching to this Petition as Exhibit A.

1

2.   During the extended period of Mr. Mayancela's presence in the United States and adjudication before the Executive Office of Immigration Review, he has never missed a court date or an immigration proceeding. He was charged with unlicensed operation of a motor vehicle and marked lane violation in 2015, however, the charges were dismissed or not sustained. There is no other record of unlawful or dangerous activity or of any violation of any condition of release imposed by DHS.

*3.*   Nevertheless, Petitioner was arrested in Massachusetts on March 27th, 2025, by a Border Patrol agent in Rangely, Maine. The agent opined that it was his "experience" that white vans from Massachusetts "often employ illegal aliens from South America." Ex. A, at 53. In spite of the agent's assumptions, in fact Petitioner is authorized to remain in the United States while his asylum application is adjudicated and is also authorized to work under federal law because he is an applicant for asylum whose application has been pending for more than 180 days. This fact was confirmed by the subjects of the agent's detention who informed him that they were "in process" and had immigration attorneys. *Id.*

4.   At the time of his custody redetermination before an Immigration Judge, all parties conceded that the Immigration Judge had jurisdiction over Petitioner's custody redetermination. The Immigration Judge found that Petitioner is not a danger to the community. However, the IJ found that DHS had met its burden to prove by a preponderance of the evidence that Petitioner posed a "risk of flight." This decision was based only on the facts that Petitioner's matter was not pending appeal before the BIA and that he had waited several years before submitting his asylum application. Ex. A, at 30-33. However, the decision did not explain why these old facts counted as "changed circumstances" when Petitioner's date of filing his application was known to the EOIR since at least 2018, his BIA merits appeal has been pending since 2020, and

2

Petitioner has not absconded or failed to appear for any proceedings. Nor did the decision explain how its ruling comported with the preponderance of the evidence standard that due process requires under binding First Circuit precedent. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 33 (1st Cir. 2021).

5.  Petitioner reserved appeal and timely filed a notice of appeal with the BIA on May 22, 2025. Ex A, at 36. Petitioner submitted a brief in support of his appeal on July 16th, 2025. The appeal has been pending since that time.

6.  However, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals issued a decision which purports to require the Immigration Court to unlawfully deny bond to all persons such as Petitioner, who originally entered the United States without inspection.[2]

7.  This case is relevant to the instant Petition because *Matter of Yajure Hurtado* renders Petitioner's bond appeal before the BIA futile, as the BIA is bound by its own precedential decisions. *See* 8 C.F.R. § 1003.1(g)(1) ("decisions of the Board and decisions of the Attorney General are binding on all officers and employees of DHS or immigration judges in the administration of immigration laws of the United States").

8.  In *Jimenez v. FCI Berlin, Warden et al*, 2025 DNH 107, No. 25-cv-326-LM-AJ (D.N.H. Sept. 9, 2025) this Court found that the petitioner in that case was detained under 8 U.S.C. § 1226(a) instead of 8 U.S.C. § 1225(b). Further, the *Jimenez* court disagreed with the analysis and legal conclusion of *Matter of Yajure Hurtado*. *See Id*. at 24 n.9.

---

[2] The BIA's reversal and newly revised interpretation of the statute are not entitled to any deference. *See Loper Bright Ent. v. Raimondo*, 603 U.S. 369, 412-13 (2024).

9.  While Petitioner's prior bond hearing on the merits was unlawful under existing precedents at the time, subsequent administrative decisions now render that error essentially unreviewable by the BIA, as that body is now bound to find that Immigration Judges lack jurisdiction to even consider a bond hearing for Petitioner.

10. Further, Immigration Court lacks jurisdiction to adjudicate the constitutional claims raised by Petitioner, and any attempt to raise such claims would be futile.  *See Flores-Powell*, 677 F. Supp. 2d at 463 (holding "exhaustion is excused by the BIA's lack of authority to adjudicate constitutional questions and its prior interpretation" of the relevant statute).

11. There is no statutory requirement for Petitioner to exhaust administrative remedies.  *See Gomes v. Hyde*, No. 25-11571, 2025 WL 1869299, at *4 (D. Mass. July 7, 2025) ("[E]xhaustion is not required by statute in this context.").

12. Accordingly, there is no requirement for Petitioner to further exhaust administrative remedies before pursuing this Petition.  *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, (1st Cir. 1997) (explaining that, where statutory exhaustion is not required, administrative exhaustion not required in situations of irreparable harm, futility, or predetermined outcome).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

14. Venue is proper because Petitioner is detained in New Hampshire, and on information and belief is detained in the District of New Hampshire.

## PARTIES

15. Petitioner Jose Esteban Mayancela Mayancela is a resident of Massachusetts, and is detained

by Respondents at FCI, Berlin, a prison run by the Federal government.

16. Respondent Andrew Ackley is the Acting Warden of FCI Berlin Correctional Facility and is Petitioner's immediate custodian.

17. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

18. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

19. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

20. Respondent Pamela Jo Bondi is the Attorney General of the United States. The Attorney General is the head of the Department of Justice, which has authority over immigration proceedings including bond and custody hearings before the Executive Office of Immigration Review.

21. All respondents are named in their official capacities. One or more of the respondents is Petitioner's immediate custodian.

## CLAIMS FOR RELIEF

### COUNT ONE
**The Immigration Judge's Bond Determination Violated Due Process and First Circuit Precedent**

23. In *Hernandez-Lara v. Lyon*, 10 F.4th 19, 27 (1st Cir. 2021), the First Circuit clarified the constitutional requirements for custody redeterminations under 8 U.S.C § 1226(a). The court held that the burden of proof rests on the government. Specifically, the government must show by clear and convincing evidence that the detainee poses a danger to the community, or by a preponderance of the evidence that the detainee is a flight risk. *Id* at 39-41.

24. Here, the Immigration Judge denied Petitioner's bond request on the basis of "flight risk." But

the IJ did not require the government to meet its burden under *Hernandez-Lara*. To the contrary, the record shows that the Immigration Judge found that:

    a. Petitioner has resided in the United States for over 10 years

    b. Petitioner has no criminal convictions, and dismissed minor charges

    c. Petitioner has consistently appeared at all immigration proceedings; and

    d. Petitioner maintains strong family and community ties.

25. While the EOIR has the authority to find facts and exercise discretion, it is still bound to apply legal and constitutional standards. *Wilkinson v. Garland*, 601 U.S. 209 (2024).

26. In its holding on standards of proof in immigration bond hearings, the First Circuit expressly referenced the analogous standard for pretrial detention of criminal defendants under the bail reform act. *Hernandez-Lara*, 10 F.4th at 40. There is thus a well-developed body of law applying flight risk determinations to pretrial detainees. The well-known factors considered for this determination cannot be reduced to having perfected an appeal of an adverse decision; even if that appeal has been pending for many years before Respondent Bondi's agency. *See, e.g., United States v. Figueroa,* No. 3:20-MJ-3007-KAR, 2020 WL 360561, at *2 (D. Mass. Jan. 22, 2020)( finding that the government did not meet its burden of proving flight risk based on countervailing factors of family ties, lack of default for previous criminal charges) ; *United States v. Merrill*, No. CRIM.A. 14-04172-DHH, 2014 WL 2769148, at *6 (D. Mass. June 17, 2014) (finding government failed to prove flight risk of defendant with substantial assets and significant criminal liability due to length of residence in Massachusetts, risk of loss of homes if he failed to appear and lack of behavior suggesting preparations to flee); *United States v. Ocasio-Ramos*, No. 21-CR-324 (RAM), 2021 WL 6048935, at *4 (D.P.R. Dec. 21, 2021) (found government failed to prove that no set of conditions could reasonably ensure appearance

at trial even considering serious history of arrests and a prior conviction).

27. The facts as found by the Immigration Judge are incompatible with a finding of flight risk by a preponderance of the evidence. The IJ therefore failed to comply with the standard of proof mandated by *Hernandez-Lara*, and the denial of bond must be overturned.

## COUNT TWO

### *Ultra Viires* Agency Action: Prolonged Detention Without Adequate Justification is Unreasonable and Unlawful

28. The Supreme Court has long held that civil immigration detention must bear a reasonable relation to its purpose. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Prolonged detention without a sufficient showing of necessity violates due process. The First Circuit has likewise recognized that prolonged detention without an adequate hearing raises serious constitutional concerns. *Reid v. Donelan*, 819 F.3d 486, 494 (1st Cir. 2016) (vacated in part on other grounds).

29. Petitioner now has been detained since March of 2025, a period exceeding 6 months. This prolonged detention, in the absence of any showing that Petitioner is dangerous or a flight risk, is unreasonable and unconstitutional.

## COUNT THREE

### *Ultra Viires* Agency Action: Entry Without Inspection Does Not Eliminate Bond Eligibility

30. Although Petitioner entered the United States without inspection, § 1226(a) applies broadly to "an alien pending a decision on whether the alien is to be removed from the United States." The statute does not exclude individuals based on manner of entry. Indeed, *Hernandez-Lara* itself involved a noncitizen who had entered without inspection, yet the First Circuit made

clear that §1226(a) detainees are entitled to constitutionally adequate bond hearings. *Hernandez-Lara v Lyons* 10 F.4th at 24.

31. The Board of Immigration Appeals has recently adopted a policy attempting to categorically exclude certain noncitizens who entered without inspection from bond eligibility. Multiple district courts, however, have found this approach inconsistent with both the statutory framework and constitutional due process. See, e.g., *Romero vs. Hyde, D. Mass.*, No. CV 25-11631-BEM (Aug. 19, 2025); *Lopez Benitez vs. Francis*, S.D.N.Y., No. 25 CIV. 5937 (DEH) (Aug. 13, 2025)

32. Categorical denial of bond without individualized analysis, particularly where flight risk has not been shown, cannot be reconciled with *Hernandez-Lara*.

## COUNT FOUR

### Violation of Fifth Amendment Right to Due Process

33. The Fifth Amendment's Due Process Clause specifically forbids the Government to "deprive[]" any "person . . . of . . . liberty . . . without due process of law." U.S. CONST. amend. V.

34. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) ("[A]liens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law"); *cf. Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020) (holding noncitizens due process rights were limited where the person was not residing in the

United States, but rather had been arrested 25 yards into U.S. territory, apparently moments after he crossed the border while he was still "on the threshold").

35. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas*, 533 U.S. 678 at (2001).

36. Civil detention is constitutionally permissible only so long as it serves the narrow purpose of ensuring attendance at removal proceedings or protecting the community. *Demore v. Kim*, 538 U.S. 510, 531 (2003). Where the government fails to meet its burden and detention has become prolonged, continued confinement violates due process.

37. Because Respondents cannot demonstrate that Petitioner is a danger or a flight risk under the standards set forth in *Hernandez-Lara*, Petitioner is entitled to immediate release under reasonable conditions of supervision pursuant to 8 U.S.C. § 1226(a).

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of New Hampshire.

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(4) Declare that Petitioner's detention is unlawful;

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, or, in the alternative, provide Petitioner with a bond hearing and order Petitioner's release on conditions the Court deems just and proper, or in the alternative order Federal Respondents

to provide Petitioner a new bond hearing before an Immigration Judge under the correct legal standards; and

(6) Grant any further relief this Court deems just and proper.

Respectfully submitted,

/s/ Maeve Healy

Maeve Healy, Esq. (NH Bar: 279462)
Carl Hurvich, Esq. (Pro Hac Vice Application Pending)
Brooks Law Firm
10 High Street, Ste 3
Medford, MA 02155
(617) 245-8090
maeve@brookslawfirm.com
carl@brookslawfirm.com

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I am submitting this verification on behalf of the Petitioner because he is detained and I am his attorney, I have reviewed the record in this matter. Based on personal knowledge and, on information and belief, I hereby verify that the factual statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge. I also verify that the exhibit attached to this Complaint contains true and accurate copies of the record of proceedings in Petitioner's custody review proceedings before the EOIR at Chelmsford, Massachusetts.

/s/ Carl Hurvich