

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

**NOTICE TO EOIR: ALIEN ADDRESS**

Event No: **TOD2501008852**

| | |
|---|---|
| Date: | **August 12, 2025** |
| To: | Enter Name of BIA or Immigration Court I-830 **FEDERAL CORRECTIONAL INSTITUTI** |
| | Enter BIA or Immigration Court Three Letter Code@usdoj.gov **BLN** |
| From: | Enter Name of ICE Office **BOSTON, MA, DOCKET CONTROL OFFICE** |
| | Enter Street Address of ICE Office **District Ave** |
| | Enter City, State and Zip Code of ICE Office **Burlington, MA 01803** |
| Respondent: | Enter Respondent's Name **MAYANCELA MAYANCELA, JOSE** |
| | Alien File No: Enter Respondent's Alien Number **216 504 398** |

This is to notify that this respondent is:

☐ Currently incarcerated by federal, state or local authorities. A charging document has been served on the respondent and an Immigration Detainer-Notice of Action by the ICE (Form I-247) has been filed with the institution shown below. He/she is incarcerated at:

Enter Name of Institution where Respondent is being detained _____

Enter Street Address of Institution where Respondent is being detained _____

Enter City, State and Zip code of Institution where Respondent is being detained _____

**Enter Respondent's Inmate Number** _____

His/her anticipated release date is Enter Respondent's Anticipated Release Date. _____

☒ Detained by ICE on **Enter Date Respondent was Detained by ICE** at: **March 31, 2025**

Enter Name of ICE Detention Facility where Respondent is being detained   Plymouth County Correctional Facility

Enter Street Address of ICE Detention Facility where Respondent is being detained   26 Long Pond Rd
Plymouth, MA 02360

Enter City, State and Zip Code of ICE Detention Facility where Respondent is being detained _____

☒ Detained by ICE and transferred on **Enter Date Respondent was transferred** to: **April 4, 2025**
Enter Name of ICE Detention Facility where Respondent has been transferred   FCI BERLIN

Enter Street Address of ICE Detention Facility where Respondent has been transferred   1 SUCCESS LOOP RD.

Enter City, State and Zip Code of ICE Detention Facility where Respondent has been transferred   BERLIN, NH 03570

☐ Released from ICE custody on the following condition(s):
  ☐ Order of Supervision or Own Recognizance (Form I-220A)
  ☐ Bond in the amount of Enter Dollar Amount of Respondent's Bond
  ☐ Removed, Deported, or Excluded
  ☐ Other _____

Upon release from ICE custody, the respondent reported his/her address and telephone number would be:
Enter Respondent's Street Address _____

Enter Respondent's City, State and Zip Code _____

Enter Respondent's Telephone Number (including area code) _____

☐ I hereby certify that the respondent was provided an EOIR-33 Form and notified that they must inform the Immigration Court of any further change of address.

ICE Official: Enter Your First, Last Name and Title   SDDO S05838 LAPOINTE   *Sarah Lapointe*

ICE Form I-830E (9/09)                                      Page 1 of 1

<

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

Carl Hurvich, Esq.                                              **DETAINED**
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**
**FALLS CHURCH, VIRGINIA**

| | |
|---|---|
| In the Matter of: )<br>)<br>) | |
| MYANCELA MYANCELA, Jose Esteban ) | A# 216-504-398 |
| ) | **DETAINED** |
| ) | |
| *Respondent,* )<br>IN CUSTODY/ BOND PROCEEDINGS ) | |

Immigration Court: Chelmsford, Massachusetts
Immigration Judge: Natalie Smith

**RESPONDENTS' APPEAL FOR BOND FROM DECISION OF IMMIGRATION JUDGE**

EOIR 1 of 24

<

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**
**FALLS CHURCH, VIRGINIA**

|  |  |  |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| MYANCELA MYANCELA, Jose Esteban | ) | A# 216-504-398 |
| | ) | **DETAINED** |
| | ) | |
| *Respondent,* | ) | |
| IN CUSTODY/BOND PROCEEDINGS | ) | |
| | ) | |

## I.    INTRODUCTION

NOW COMES the Respondent, Jose Esteban Myancela Myancela ("Respondent" or "Mr. Myancela"), by and through Undersigned Counsel, and respectfully submits this appeal to reverse the decision of the Immigration Judge ("IJ") dated April 24, 2025 and its following memorandum dated June 18, 2025, in which the IJ denied Respondent's request for a change in custody status, found Respondent poses a flight risk, erroneously determined that no condition or combination of conditions could ensure Respondent's appearance at hearings or compliance with court orders, and failed to meaningfully consider alternatives to detention.

## II.    RELEVANT PROCEDURAL HISTORY AND FACTUAL HISTORY

The Respondent is a native and citizen of Ecuador. He entered the United States in 2014 and has been present in the country for over a decade. He has never missed an Immigration Court appearance nor failed to appear for any legal or immigration related appointment. *See* IJ[1] at 3. He continues to pay his taxes, and friends and family describe him as "honest," "hardworking," and

---

[1] "IJ" Refers to <u>Memorandum Concerning the April 17th, 2025 Decision of the Immigration Court</u>, entered into the <u>Record of Proceedings</u> on June 18th, 2025.

<

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

"law abiding." *See* David H. Veilleux's Letter of Support in <u>Record of Proceedings</u>, *Respondent's Documentation in Support of Motion for Bond,* at Tab C.

The Department of Homeland Security ("DHS") issued Mr. Myancela a Notice to Appear on May 9, 2018. He filed a Form I-589 Application for Asylum and Withholding of Removal in 2018. In March of 2020, he appeared for a merits hearing where his applications were denied, and he was ordered removed. He is currently appealing the Immigration Court's removal order before the BIA.

Over five years later, Mr. Mayancela was detained by a Border Patrol Agent. He was traveling in a van with several other passengers. The Border Patrol Agent observed that in his experience "work crews driving white vans from Massachusetts often employ illegal aliens from South America." <u>Record of Proceedings</u>, *Department of Homeland Security's Submission of Evidence*. While Respondent has a pending appeal of his asylum and is eligible for work authorization, he was nevertheless detained and held for a custody redetermination by an Immigration Judge.

On April 17, 2025, the Immigration Court held Respondent's custody redetermination hearing. *See* IJ at 1. On April 24, 2025, the Court issued its decision denying the Respondent's request for a change in custody because it concluded that Respondent posed a flight risk. *See* <u>Order of the Immigration Judge</u> in <u>Record of Proceedings</u>. On June 18, 2025, the IJ issued its Memorandum explaining its decision. *See* IJ.

## III.    THE COURT'S FINDINGS

1. The Court found that the Respondent does not pose a danger to the community. *See* IJ at 3.

EOIR 3 of 24

2

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

    2. The Court found that Respondent poses a flight risk. *See* <u>Order of the Immigration Judge</u> in <u>Record of Proceedings</u>; *see* IJ at 3.

    3. The Court found that no conditions or combination of conditions or bond amount can ameliorate Respondent's flight risk. *See* IJ at 3.

**IV.    ISSUES ON APPEAL**

    1. Whether the IJ erred when she found that Respondent poses a flight risk?

    2. Whether the IJ erred when she determined that no condition or combination of conditions or bond amount could ameliorate Respondent's flight risk?

**V.    STANDARD OF REVIEW**

    The BIA reviews the facts, including credibility findings, under the "clearly erroneous" rule. 8 C.F.R. § 1003.1(d)(3)(i); <u>Matter of V-F-D-</u>, 23 I&N Dec. 859 n.1 (BIA 2006). The Board does, however, retain de novo review over "questions of law, discretion, and judgment and all other issues in appeals from decisions of Immigration Judges." 8 C.F.R. § 1003.1(d)(3)(ii). The BIA can also review findings of fact to determine whether the findings of the Immigration Judge are clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i); <u>Efimova v. Mukasey</u>, 292 F. App'x 118, 120 (2d Cir. 2008).

**VI.    SUMMARY OF THE ARGUMENT**

    The BIA should reverse the decision below and grant relief to Respondent, or else remand the case for fact finding pursuant to 8 C.F.R. § 1003.1(d)(3)(iv), because the IJ made material errors of law, discretion and fact in all key aspects of her opinion.

    The Court abused its discretion in finding Respondent poses a flight risk and therefore denying Respondent's request for custody re-determination. For the following reasons, the BIA should reverse the decision below: (1) The Department failed to prove that  Respondent does

pose a flight risk by a preponderance of the evidence; and (2) the IJ erroneously determined that no condition or combination of conditions could ameliorate any risk of flight posed by Respondent and ensure his appearance at hearings and compliance with court orders. The IJ failed to meaningfully consider alternatives to detention. The BIA has the authority to exercise its discretion and independent judgment in finding that Respondent is eligible for the relief sought.

## VII.    ARGUMENT

The government's authority to detain the Petitioner during his removal proceedings is generally governed under 8 U.S.C. § 1226. He is eligible to be released on bond under 8 U.S.C. § 1226 (a) and is not subject to mandatory detention under 8 U.S.C. § 1226(c) because Petitioner is not removable on the basis of any criminal or national security grounds.

In the First Circuit, a non-citizen in Removal Proceedings who is subject to detention under 8 U.S.C. 1226(a) must be released on bond or conditional parole unless the government can prove by clear and convincing evidence that he poses a danger to the community or prove by a preponderance of the evidence that he poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) (Rev'd in part by *Brito v. Garland*, 22 F.4th 240, 246 (1st Cir. 2021), which upheld the substantive ruling but modified the remedy from an injunction to declaratory relief).

Here, the IJ found that Respondent is not a danger to the community. *See* IJ at 3.  As such, Respondent's appeal addresses the IJ's erroneous finding that Respondent is a flight risk.

A. **The IJ erred in concluding that the DHS proved that Respondent is a flight risk by the preponderance of the evidence**

Pursuant to *Hernandez-Lara*, the DHS has the burden of proving by the preponderance of the evidence that a respondent poses a flight risk. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). Sufficient evidence for a finding of preponderance of evidence establishes something

is "probably true." *See* IJ, citing *Matter of E-M-*, 20 I&N Dec. 77, 80 (BIA 1989), *Matter of A-H*, 23 I&N Dec. 774, 789 (AG 2005) ("'Having more evidence for than against' is a preponderance of the evidence standard.")

Factors generally considered when determining whether an alien is eligible for bond include: whether the applicant has a fixed address in the U.S.; length of residence in the U.S.; record of appearances in court; employment history or lack of employment; criminal record, including the extensiveness of criminal activity, the recent nature of such activity and the seriousness of the offenses; pending criminal charges; history of immigration violations; attempts to flee prosecution or otherwise escape from authorities; manner of entry; membership in community organization; immoral acts or participation in subversive activities; and financial ability to post bond. *See Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006), *abrogated on other grounds by Hernandez-Lara*, 10 F.4th at 41. In addition, an IJ may rely on "any information" available to it or presented by the alien or Service. 8 C.F.R. § 1003.19(d).

In *F-C-A-*, the BIA sustained that respondent's appeal and remanded to the IJ to consider relevant factors, such as ties to the community, stable address, length U.S. residency, and steady employment history, for determining whether that respondent poses a flight risk if released upon bond posted and not base a finding of flight risk upon a non-appearance at a prior hearing related to revoking a driver's license and other court orders and appearances. *A XXX XXX-507* (BIA Dec. 2, 2016).

Here, the Immigration Judge found Respondent poses a flight risk based upon the length of time Respondent has been in the United States, his delay in filing his initial asylum application, his community ties, and the current status of his immigration case. However, these factors as applied to Respondent support a finding that he does **not** pose a flight risk.

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

First, Respondent entered the U.S. in 2014 and has since lived in Brockton, Massachusetts. *See* Respondent's Motion for Bond at 2 in <u>Record of Proceedings</u>. He has lived in Brockton, maintained his residence there, and continued to work. *See id.* Based on these reasons, Mr. Myancela has been a long-standing resident of the United States for over a decade.

Second, once Respondent arrived in the U.S., he did not know English or how to best adapt to his new life here. *See* Respondent's Motion for Bond at 2. As such, Respondent did not know that he had an opportunity to apply and may be eligible for asylum. *See id.* Once DHS issued Respondent a Notice to Appear in 2018 and he retained prior counsel, he then filed his asylum application. Therefore, as soon as he learned he could and should apply for asylum, he did so. As such, the delay in filing his initial asylum application does indicate a propensity to evade authorities or to fail to appear for required hearing, it rather shows he fully participated in the removal proceedings initiated against him; this factor should not prejudice Respondent's eligibility for bond. In addition, Respondent is appealing the denial of his application for Withholding of Removal because he fears returning to Ecuador. As the IJ conceded, Respondent has "diligently pursued relief from removal." *See* IJ at 3.

Third, Respondent has family and friends and extended community ties in Brockton, Massachusetts. He has continued to work, pay taxes, and has maintained friendships as evidenced by the letters of support. The Respondent also has a fixed address. For these reasons, Respondent is not a flight risk because he wishes to stay in the U.S. with his family and community.

Fourth, the Respondent is currently appealing his removal order and has complied with immigration requirements by inter alia, retaining counsel to submit his appeal, and complying with all the requirements of his prior custody status for over 7 years. As such, Respondent has

demonstrated his interest in attending removal proceedings to defend himself against removal. Further, he has a history of complying with court orders as evidenced by his attendance at all criminal court hearings related to his 2015 and 2018 minor driving-related charges; importantly, he was ultimately not found responsible for those charges.

In addition, the Respondent is of good moral character as he has several letters of support and has continued to work and pay his taxes. He was injured while working and also is pursuing a worker's compensation claim.

Unlike the Respondent in *F-C-A-*, where that respondent did not appear at a prior hearing related to revoking a driver's license and other court orders and appearances, but where the IJ considered other relevant factors such as ties to the community, stable address, length of U.S. residency, and steady employment history for determining whether that respondent poses a flight risk; here, this Respondent has all of those positive factors *and* has a history of appearing at prior hearings and following court orders. Thus, this Respondent is less likely to pose a flight risk if bond is available to him and posted.

In sum, Respondent does **not** pose a flight risk while his removal proceedings continue. Respondent has a fixed address in the U.S., he has resided in the U.S. for more than a decade, he has a history of appearing in court, he has continued to work in the U.S. and pay his taxes, he was charged for minor driving-related offenses but found not responsible, has no history of immigration violations and has never attempted to flee prosecution or otherwise escape from authorities, he arrived in the U.S. without inspection because he fears returning to Ecuador and is actively seeking relief, is not involved in any immoral acts and does not participate in any subversive activities, and is financially able to post a reasonable bond. As such, it is "probably true" that Respondent does **not** pose a flight risk, especially because he is actively seeking relief

from removal and appealing the denial of his asylum application; therefore, he has a strong incentive to appear at future hearings. *See J-L-G-C-*, A XXX XXX-095 (BIA Jan. 21, 2015). Although the IJ identified some of these factors, she does not appear to have weighed all eight or nine positive factors which also speak in Respondent's favor. The Bond Order should be reversed.

**B. The IJ failed to consider that no condition or combination of conditions or bond amount could ameliorate Respondent's flight risk and ensure Respondent's appearance at hearings or compliance with court orders**

Even if the IJ' conclusion that Respondent is a flight risk is sustained, the IJ also clearly erred by failing to explain why no condition or combination of conditions or bond amount could ameliorate Respondent's flight risk and ensure Respondent's appearance at hearings or compliance with court orders. As discussed above, Respondent has a history of appearing at court hearings and complying with court orders. In addition, Respondent is an honest, hardworking, and law-abiding person. *See* David H. Veilleux's Letter of Support. Moreover, Respondent is actively seeking relief from removal and is pursuing a worker's compensation claim. The Board has held that even where a flight risk is found, the IJ still must specifically explain why the record as a whole supports the conclusion that there are no practical alternatives to detention. *See M-S-D-*, A XXX XXX-451 (BIA Jan. 28, 2020), *see F-P-J-*, A XXX XXX-699 (BIA Oct. 22, 2020). Here, the IJ failed to explain why a condition or combination of conditions or bond amount imposed by the Commonwealth of Massachusetts or the DHS would fail to ensure Respondent's presence at any future hearing or compliance with court orders.

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

## VIII.    CONCLUSION

WHEREFORE, the Respondent respectfully asks the Board to sustain the appeal, vacate the decision below, and order the IJ release the Respondent on whatever conditions she deems appropriate to ensure his appearance at future hearings, or, in the alternative, the BIA should remand the case to the IJ for further findings pursuant to 8 C.F.R. 1003.1(d)(3)(iv).

*Respectfully submitted,*
*Respondent,*
*By their attorney,*

 /s/ Carl Hurvich /s/
Carl Hurvich, Esq.
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
(617) 245-8090
Carl@BrooksLawFirm.com
MA B.B.O. 698179
EOIR Number: EE160400

Date: July 16, 2025

EOIR 10 of 24

9

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

# APPENDIX
## (Unpublished BIA decisions)

<

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Gonzalez, Luis A**
**Law Offices of Luis A. Gonzalez**
**6109 Arlington Blvd., Suite G**
**Falls Church, VA 22044**

**DHS/ICE Office of Chief Counsel - WAS**
**1901 S. Bell Street, Suite 900**
**Arlington, VA 22202**

Name: O███████-A███████, F████          A ██████-507

**Date of this notice: 12/2/2016**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Geller, Joan B
Grant, Edward R.
Malphrus, Garry D.

bashorea
**Userteam:** Docket

For more unpublished decisions, visit
www.irac.net/unpublished/index

Cite as: F-C-A-, AXXX XXX 507 (BIA Dec. 2, 2016)

Immigrant & Refugee Appellate Center, LLC | www.irac.net

<

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: ███████ 507 – Arlington, VA

Date: **DEC - 2 2016**

In re: F████ Q███████-A████████

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Luis A. Gonzalez, Esquire

ON BEHALF OF DHS:   Elizabeth M. Dewar
                    Assistant Chief Counsel

APPLICATION:  Custody redetermination

Immigrant & Refugee Appellate Center, LLC | www.irac.net

The respondent, a native and citizen of El Salvador, appeals from an Immigration Judge's August 10, 2016, bond decision, memorialized in a written memorandum dated September 20, 2016. The appeal will be sustained and the record will be remanded.

An alien such as the respondent in a custody determination under section 236(a) of the Immigration and Nationality Act must establish to the satisfaction of the Immigration Judge and this Board that he does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight. *See Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999). An alien who presents a danger to persons or property should not be released during the pendency of proceedings to remove him from the United States. *See Matter of Drysdale*, 20 I&N Dec. 815 (BIA 1994).

Here, we disagree with the Immigration Judge that the respondent should be held in custody without bond because he is a danger to the community. Although we concur that driving under the influence is a very dangerous crime, the respondent's offenses occurred many years ago, in 1999 and 2003. Further, the respondent's more recent convictions for obstructing justice and driving with a revoked license, as well as his arrest for failure to appear and public intoxication, are not the types of infractions that indicate that the respondent poses a danger to the community at large. We therefore vacate the Immigration Judge's finding that the respondent is a danger to the community.

The Immigration Judge also determined that the respondent is a flight risk based on his non-appearance at a May 2016 hearing related to his revoked driver's license, as well as other instances of failing to comply with court orders and appearances. However, with respect to the issue of the flight risk, the respondent has articulated numerous factors, including strong ties to the community, a stable address, a lengthy residency in the United States, and a steady employment history, which would support granting his request to be released from detention upon the posting of a bond. Upon remand, the Immigration Judge should consider the relevant

Cite as: F-C-A-, AXXX XXX 507 (BIA Dec. 2, 2016)

<

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

█████ 507

factors and determine what bond amount would be appropriate in this case to assure respondent's appearance at future immigration proceedings.

Accordingly, the following order is entered.

ORDER: The respondent's bond appeal is sustained and the record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and the entry of a new decision.

_____
FOR THE BOARD

Board Member Garry D. Malphrus respectfully dissents without separate opinion.

Immigrant & Refugee Appellate Center, LLC | www.irac.net

EOIR 14 of 24

Cite as: F-C-A-, AXXX XXX 507 (BIA Dec. 2, 2016)

<

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Collins, Katherine Grant**
**Gibbs Houston Pauw**
**1000 2nd Ave**
**1600**
**Seattle, WA 98104**

**DHS/ICE Office of Chief Counsel - TAC**
**1623 East J Street, Ste. 2**
**Tacoma, WA 98421**

**Name: P███-J███, F███**          **A ███-699**

**Date of this notice: 10/22/2020**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Kelly, Edward F.
NOFERI, MARK
Adkins-Blanch, Charles K.

Userteam: <u>Docket</u>

For more unpublished decisions, visit
www.irac.net/unpublished/index

Cite as: F-P-J-, AXXX XXX 699 (BIA Oct. 22, 2020)

Immigrant & Refugee Appellate Center, LLC | www.irac.net

EOIR 15 of 24

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A███████699 – Seattle, WA                    Date:    **OCT 2 2 2020**

In re:  F███████ P███████-J███████

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Katherine Collins, Esquire

APPLICATION:    Change in custody status

 The respondent, a native and citizen of Guatemala, has appealed the Immigration Judge's June 17, 2020, bond order. The record will be remanded.

 We review the findings of fact, including the determination of credibility, made by the Immigration Judge under the "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review all other issues, including issues of law, discretion, or judgment, under a de novo standard. 8 C.F.R. § 1003.1(d)(3)(ii).

 The Immigration Judge held a custody hearing pursuant to *Aleman Gonzalez v. Barr*, 955 F.3d 762 (9th Cir. 2020). The Immigration Judge, as reflected in the July 31, 2020, bond memorandum, concluded that the Department of Homeland Security (DHS) established, by clear and convincing evidence, that the respondent is a flight risk such that her ongoing detention is justified (IJ at 2-4). The Immigration Judge noted that the respondent had "virtually no remaining avenues of relief from removal" (IJ at 3).

 The respondent, on appeal, argues that the Immigration Judge incorrectly determined that the DHS had met its burden. The respondent argues that the Immigration Judge erroneously determined that she is a flight risk and failed to properly aggregate the relevant factors. *Matter of R-A-V-P-*, 27 I&N Dec. 803 (BIA 2020). According to the respondent, the Immigration Judge did not consider all the evidentiary documents submitted regarding her length of residence (17 years), family ties (three United States citizen children), employment, the 10 letters of support from family friends, and community members, her community service, and perfect record of attendance at immigration proceedings (Respondent's Br. at 6). The respondent states that she has not exhausted all of her avenues of relief from removal, and that she currently has a petition of review pending before the United States Court of Appeals for the Ninth Circuit (Respondent's Br. at 5-6). While the record supports the requirement of a sizeable bond, we are not persuaded that no bond should be available to the respondent whatsoever. The respondent correctly mentions that the Immigration Judge also did not consider the practicability of alternatives to detention. Under these circumstances, we will remand the record for the Immigration Judge to consider the evidence and reassess flight risk.

 Accordingly, the following order will be entered.

EOIR 16 of 24

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

A███████-699

ORDER:  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

FOR THE BOARD

Immigrant & Refugee Appellate Center, LLC | www.irac.net

<

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 20530*

**Kim, Kathy M.**
**Kathy M. Kim, AAL, ALC**
**1314 S. King Street, Suite 1263**
**Honolulu, HI 96814**

**DHS/ICE Office of Chief Counsel - HON**
**595 Ala Moana Boulevard**
**Honolulu, HI 96813-4999**



Name: G▓▓▓-C▓▓▓▓▓, J▓▓ L▓▓     A ▓▓▓▓-095

**Date of this notice: 1/21/2015**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
Adkins-Blanch, Charles K.
Guendelsberger, John
Grant, Edward R.

Userteam: <u>Docket</u>

For more unpublished decisions, visit
www.irac.net/unpublished/index

Cite as: J-L-G-C-, AXXX XXX 095 (BIA Jan. 21, 2015)

Immigrant & Refugee Appellate Center, LLC | www.irac.net



<

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 20530

File: ▮▮▮▮ 095 – Honolulu, HI

Date:    JAN 2 1 2015

In re: J▮▮ L▮ G▮▮▮▮-C▮▮▮▮▮▮    a.k ▮▮▮▮▮▮▮▮▮▮▮▮▮

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Kathy M. Kim, Esquire

APPLICATION:   Change in custody status

The respondent, a native and citizen of Mexico, has appealed from the Immigration Judge's decision dated September 25, 2014. The Immigration Judge issued a bond memorandum on October 30, 2014, setting forth the reasons for his bond decision. The Department of Homeland Security (DHS) has not filed an appeal brief. The record will be remanded for further proceedings.

The Board reviews an Immigration Judge's findings of fact, including findings as to the credibility of testimony, under the "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i); *Matter of S-H-*, 23 I&N Dec. 462, 464-65 (BIA 2002). The Board reviews questions of law, discretion, and judgment and all other issues in appeals from decisions of Immigration Judges de novo. 8 C.F.R. § 1003.1(d)(3)(ii).

The Immigration Judge denied the respondent's request for a change in custody status based on his finding that the respondent did not meet his burden of establishing that he is not a danger to the community or a flight risk (I.J. at 1-2). The respondent argues on appeal that he has a minimal criminal record and strong family ties, and he asserts that he is eligible for relief from removal.

An alien in a custody determination under section 236(a) of the Act must establish to the satisfaction of the Immigration Judge and this Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight. *See Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999). The burden is on the alien to show that he or she merits release on bond. *See* 8 C.F.R. § 1003.19; 8 C.F.R. § 236.1(c)(8); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). An Immigration Judge may properly consider any adverse information in assessing whether an alien's release on bond is warranted. *See Matter of Guerra*, *supra*. An alien who presents a danger to person or property should not be released during the pendency of removal proceedings. *See Matter of Drysdale*, 20 I&N Dec. 815 (BIA 1994).

We find that a remand for further consideration of bond is appropriate. In determining that the respondent did not meet his burden of establishing that he is not a danger to others, the Immigration Judge relied solely on the respondent's 2014 conviction for driving under the influence. Although the DUI conviction is recent, and the dangers of drinking and driving are well known, the Immigration Judge did not address the other evidence in the record. Thus, we

Cite as: J-L-G-C-, AXXX XXX 095 (BIA Jan. 21, 2015)

Immigrant & Refugee Appellate Center, LLC | www.irac.net

<

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

███████ 095

find that a remand for further consideration as to whether the respondent met his burden of proof on the issue of dangerousness is warranted. *See Matter of Guerra, supra.*

We also conclude that the record should be remanded for further consideration as to whether the respondent met his burden of establishing that he is not a flight risk. While we make no determination as to the ultimate outcome on the issue of flight risk, we note that the respondent has strong family ties, significant ties to the community, and a history of employment in this country. In addition, the respondent appears eligible for relief from removal; thus, he would have a strong incentive to appear at future hearings. Although the respondent re-entered the country illegally after being granted voluntary return to Mexico in 2002, based on the particular circumstances of this case, we find that a remand is warranted so that the Immigration Judge may further consider whether the respondent met his burden of establishing his entitlement to bond.

Accordingly, the following order will be entered.

ORDER: The record is remanded for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

FOR THE BOARD

Immigrant & Refugee Appellate Center, LLC | www.irac.net

Cite as: J-L-G-C-, AXXX XXX 095 (BIA Jan. 21, 2015)

<

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

**Cowgill, Colleen**
**Catholic Charities**
**1800 E. 17th Street**
**Santa Ana, CA 92705**

**DHS/ICE Office of Chief Counsel - NLA**
**300 N. Los Angeles St., Room 4330**
**Los Angeles, CA 90012**

**Name: D███, M S███████**            **A ██████-451**

**Date of this notice: 1/28/2020**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

**Panel Members:**
Goodwin, Deborah K.

Userteam: Docket

For more unpublished decisions, visit
www.irac.net/unpublished/index

Cite as: M-S-D-, AXXX XXX 451 (BIA Jan. 28, 2020)

Immigrant & Refugee Appellate Center, LLC | www.irac.net

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A███████-451 – Los Angeles, CA    Date:  **JAN 2 8 2020**

In re:  M S███████ D████ a.k.a. ████████████████████████████

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Colleen Cowgill, Esquire

APPLICATION:  Redetermination of custody status

The respondent appeals from an Immigration Judge's June 26, 2019, decision denying his request for release, on bond, from the custody of the Department of Homeland Security ("DHS").[1] The record will be remanded.

The respondent, a native and citizen of Togo, is the subject of an administratively final order of removal that is pending review before the United States Court of Appeals for the Ninth Circuit. Despite this final removal order, the respondent remains subject to the Immigration Judge's custody review authority pursuant to various injunctions issued by the United States District Court for the Central District of California. *See, e.g., Rodriguez v. Holder*, No. CV 07-3239 TJH RNBX, 2013 WL 5229795 (C.D. Cal. Aug. 6, 2013), *aff'd in part sub nom. Rodriguez v. Marin*, 909 F.3d 252 (9th Cir. 2018); *Hernandez v. Lynch*, No. 5:16-cv-00620-JGB-KK, 2016 WL 7116611 (C.D. Cal. Nov. 10, 2016), *aff'd sub nom. Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). Though the respondent received a custody review hearing below in accordance with those injunctions, the Immigration Judge ultimately denied his request for release after finding that he poses a flight risk (IJ Memo at 3).

We discern no error in the Immigration Judge's determination that the respondent would pose a substantial flight risk if released from DHS custody. The Immigration Judge and this Board have already determined that the respondent is removable and ineligible for all requested relief.[2] As he is unlikely to be allowed to remain in this country lawfully, he has a strong incentive to abscond if released.

---

[1] The Immigration Judge's decision is supplemented by a memorandum dated July 26, 2019.

[2] The respondent argues on appeal that the Immigration Judge should have reconsidered his risk of flight in light of the facts that the Ninth Circuit has scheduled oral argument in his case and appointed pro bono counsel. We disagree. When an administratively final removal order is in effect, an Immigration Judge conducted a custody review determination is entitled to rely on that order, and need not revisit the merits of the underlying claim. *Rodriguez v. Holder*, 2013 WL 5229795, at *2 (explaining that "[s]uch a requirement would require legal and political analyses beyond what would otherwise be considered at a bond hearing, and would place an unreasonable burden on overly burdened Immigration Judges").

Cite as: M-S-D-, AXXX XXX 451 (BIA Jan. 28, 2020)

Immigrant & Refugee Appellate Center, LLC | www.irac.net

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

A███████-451

Although the Immigration Judge's flight risk determination was not improper, we nonetheless conclude that the record must be remanded for further fact-finding regarding the practicability of alternatives to detention. The fact that the respondent poses a flight risk justifies his continued detention only if there is no amount of bond that would be reasonably calculated to ensure his future appearance, either for removal or for future hearings. In her bond memorandum, the Immigration Judge states in a footnote that the respondent's flight risk "could not be ameliorated by the imposition of reasonable bond" (IJ Memo at 3 n.2), but that statement is not explained or supported by reference to any facts in evidence. Further, if payment of a bond is impracticable, the Immigration Judge should consider other alternatives to detention or explain why they are unavailable. *Rodriguez v. Holder*, 2013 WL 5229795, at *2; *Hernandez v. Lynch*, 2016 WL 7116611, at *25.

The following order will be issued.

ORDER: The record is remanded for further proceedings consistent with the foregoing opinion and for entry of a new decision.

*Deborah K Borden*
FOR THE BOARD

Immigrant & Refugee Appellate Center, LLC | www.irac.net

Cite as: M-S-D-, AXXX XXX 451 (BIA Jan. 28, 2020)

<

Filed at BIA on: 07/16/2025 at 11:27:04 AM (Eastern Daylight Time)

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**
**FALLS CHURCH, VIRGINIA**

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| MYANCELA MYANCELA, Jose Esteban ) | A# 216-504-398 |
| ) | **DETAINED** |
| ) | |
| *Respondent,* ) | |
| IN CUSTODY/BOND PROCEEDINGS ) | |

**PROOF OF SERVICE**

I, Carl Hurvich, served a copy of *Respondent's Appeal for Bond from the decision of the Immigration Judge* and any attached pages via ECAS to the <u>Department of Homeland Security</u>.


Date: July 16, 2025

<u>/s/ Carl Hurvich /s/</u>
Carl Hurvich, Esq.
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
(617) 245-8090
<u>Carl@BrooksLawFirm.com</u>
MA B.B.O. 698179
EOIR Number: EE160400

11

<



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

| | |
|---|---|
| **MAYANCELA MAYANCELA, JOSE ESTEBAN**<br>A216-504-398<br>**26 LONG POND ROAD**<br>**PLYMOUTH, MA 02660** | **DHS/ICE OFFICE OF CHIEF COUNSEL - CHE**<br>**P.O.BOX 8728**<br>**BOSTON, MA 02114** |

**Name:**
**MAYANCELA MAYANCELA, JOSE ESTEBAN**

**A 216-504-398**

**Type of Proceeding:** Removal

**Date of this notice: 6/25/2025**

**Type of Appeal:** Bond Appeal

**Filed By:** <u>DHS</u>

### NOTICE -- BRIEFING SCHEDULE

o  Enclosed is a copy of the decision of the Immigration Judge.  If you are receiving this notice electronically, the Immigration Judge's decision is viewable online in the electronic record of proceedings.

o  Appealing party is granted until  7/16/2025          to submit a brief to the Board of Immigration Appeals.  The brief must be **RECEIVED** at the Board on or before this date.

o  Opposing party is granted until  7/16/2025          to submit a brief to the Board of Immigration Appeals.  The brief must be **RECEIVED** at the Board on or before this date.

o   **BOND** - Transcripts are not prepared for appeals from an Immigration Judge's decision in bond proceedings.  If you wish to listen to the audio recording of the custody hearing or obtain copies of audio recordings, you should contact the Immigration Court for assistance.  You may also address the need for a transcript in your brief to the Board.

**WARNING:** If you indicate on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal.  If you fail to file a brief or statement within the time set for filing in this briefing schedule, the Board of Immigration Appeals (Board or BIA) may summarily dismiss your appeal.  *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

If you are the respondent/applicant and you received this notice, you are not represented by an attorney or accredited representative.  An attorney or accredited representative must file a Notice of Entry of Appearance (Form EOIR-27) to represent you.  8 C.F.R. §§ 1003.3(a)(3) and 1003.38(g).  Until a Form EOIR-27 is received, you are responsible for submitting a brief, and any submissions by anyone other than you will be rejected.

<u>**FILING INSTRUCTIONS**</u> <u>-- **In General.**</u>

EOIR - 1 of 3

<

**IMPORTANT: Briefs and other submissions should always be paginated. Parties should limit their briefs to 30 pages unless directed by the Board. For spacing, parties should use double-spaced text and single-spaced footnotes. Parties are reminded to consult Chapter 3 (Filing with the Board) and Chapter 4.6 (Appeal Briefs) of the BIA Practice Manual, found within EOIR's Policy Manual, which is available on EOIR's website at www.justice.gov/eoir.**

**Motions to accept briefs that exceed the page limitation established by the Board are disfavored, and will not be granted absent a showing of extraordinary and compelling circumstances. If a party files a motion to increase the page limit, the motion and the brief need to be filed together.**

**The Board has included two copies of this notice. Please attach/submit one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for your records. Thank you for your cooperation.**

The parties may address any allegations of transcript error or deficiency in the appeal brief.  *See* Chapter 4.2(f)(3) (Defects in the transcript) of the BIA's Practice Manual, found within EOIR's Policy Manual available on EOIR's website at www.justice.gov/eoir.  Please note defects do not excuse the parties from existing briefing deadlines.  Those deadlines remain in effect until the parties are notified otherwise.  *See* Chapter 4.7(c) (Extensions) of the BIA's Practice Manual.

A fee is not required for the filing of a brief.  Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. As a reminder, electronic filing through ECAS is mandatory for attorneys and accredited representatives appearing as practitioners of record (filed a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27)), as well as for DHS in every case that is eligible for electronic filing. *See* 8 C.F.R. §§ 1003.2(g)(4), 1003.3(g)(1), 1003.31(a).

Where electronic filing is not required, use of an overnight courier service to the address listed in the **FILING ADDRESS**: section below is encouraged to ensure timely filing.

It is NOT sufficient simply to mail the brief and assume your brief will arrive on time.  We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

If you have any questions about how to file something at the Board, please review the BIA Practice Manual, found within EOIR's Policy Manual available on EOIR's website at www.justice.gov/eoir.

Certificate of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents.  If you are the Respondent or Applicant, the "Opposing Party" is the DHS Counsel or the Director for HHS/ORR at the address shown above.  Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them.  Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

**FILING INSTRUCTIONS -- Extension Request.**

Extension requests must be RECEIVED by the Board by the brief's original due date; however, requests filed the same day as a brief is due are particularly disfavored and granted only in the most compelling of circumstances. Extension requests received after the due date will not be granted.

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time are not favored.  There is no automatic entitlement to an extension of the briefing schedule by either party. *See* Chapter 4.7(c) (Extensions) of the BIA's Practice Manual, found within EOIR's Policy Manual available on EOIR's website at www.justice.gov/eoir.
It is also the Board's policy not to grant second briefing extension requests. Second requests are granted only in extraordinary circumstances.

All extension requests must be in writing.  Telephonic, e-mail, or fax request will not be accepted.

**FILING INSTRUCTIONS -- REMINDER**

Electronic filing through ECAS is mandatory for attorneys and accredited representatives appearing as practitioners of record (filed a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27)), as well as for DHS in every case that is eligible for electronic filing. *See* 8 C.F.R. §§ 1003.2(g)(4), 1003.3(g)(1), 1003.31(a).

Where electronic filing is not required, use of an overnight courier service to the address below is encouraged to ensure timely filing.

<u>**FILING ADDRESS:**</u>

> Board of Immigration Appeals
> Clerk's Office
> 5107 Leesburg Pike, Suite 2000
> Falls Church, VA  22041
>
> Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

**Userteam:**

EOIR – 3 of 3

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CHELMSFORD IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

| | |
|---|---|
| **IN THE MATTER OF:** ) | |
| ) | **In Bond Proceedings** |
| **MAYANCELA MAYANCELA, Jose Esteban** ) | |
| ) | |
| **A 216-504-398** ) | **DETAINED** |
| ) | |
| **RESPONDENT** ) | |

**CHARGE:**     Section 212(a)(6)(A)(1) of the Immigration and Nationality Act ("INA" or "Act"): Noncitizen who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.[1]

**APPLICATION**:     Motion for Custody Redetermination.

**ON BEHALF OF THE RESPONDENT**
Nicole Anzuoni, Esq.
MacMurray & Associates
2 Central Plaza, Suite 550
Boston, Massachusetts 02108

**ON BEHALF OF DHS**
Mary Kelley, Esq.
Assistant Chief Counsel
Immigration and Customs Enforcement
150 Apollo Drive, Suite 200
Chelmsford, Massachusetts 01824

**MEMORANDUM CONCERNING THE APRIL 17, 2025**
**DECISION OF THE IMMIGRATION COURT**

This memorandum, submitted pursuant to 8 C.F.R. § 1236.1(d), explains why the Chelmsford Immigration Court ("Court") denied the Respondent's request for a change in custody status.

**I.     PROCEDURAL HISTORY**

On May 9, 2018, the U.S. Department of Homeland Security ("DHS") initiated removal proceedings against Mr. Jose Esteban Mayancela Mayancela ("Respondent") through the filing of a Notice to Appear ("NTA") with the Court. *See* Form I-862, Notice to Appear (May 9, 2018).

On April 17, 2025, the Court convened for a custody redetermination hearing at the Respondent's request. Considering the evidence in the record, the Court found that DHS had

---

[1] *See* 8 C.F.R. §1001.1(gg).

established by a preponderance of the evidence that the Respondent poses a risk of flight and ordered that there be no change in the Respondent's custody status.

## II.     BOND EXHIBITS

All bond exhibits were admitted into the record. The undersigned has reviewed the record in its entirety and is familiar with all submissions and evidence.  Full consideration and appropriate weight have been given to all admitted exhibits and evidence regardless of whether specifically summarized or referenced herein.

> **Exhibit 1:**     Respondent's Bond Redetermination Request (April 4, 2025)

> **Exhibit 2:**     Respondent's Supplemental Evidence (April 15, 2025)

> **Exhibit 3:**     DHS's Supplemental Evidence (April 16, 2025)

## III.     APPLICABLE LAW

The Court may review the custody status of a respondent in removal proceedings, provided that the respondent is not subject to mandatory detention pursuant to section 236(c) of the Act. INA § 236(a). When reviewing a respondent's custody status, the Court may order DHS to (1) continue to detain the respondent or (2) release the respondent on either a bond of not less than $1,500 or conditional parole. *Id.* The U.S. Court of Appeals for the First Circuit has held that DHS bears the burden of proof in custody redetermination proceedings. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 246 (1st Cir. 2021) (affirming *Hernandez-Lara*). For the Immigration Court to order no change in a respondent's custody status, DHS must prove by clear and convincing evidence that the respondent poses a danger to the community or prove by a preponderance of the evidence that the respondent poses a flight risk. *See id.*; *see also* 8 C.F.R. §§ 1003.19(h)(3), 1236.1(c)(8).

DHS bears the burden to demonstrate that the respondent poses a danger to the community by clear and convincing evidence. *Hernandez-Lara*, 10 F.4th at 41. The Board of Immigration Appeals has "defined clear and convincing evidence as 'that degree of proof though not necessarily conclusive, which will produce in the mind of the court a firm belief or conviction, or as that degree of proof which is more than a preponderance but less than beyond a reasonable doubt.'" *Matter of Patel*, 19 I&N Dec. 774, 783 (BIA 1988) (quoting *Matter of Carrubba*, 11 I&N Dec. 914, 917 (BIA 1966)); *see also Addington v. Texas*, 441 U.S. 418, 425 (1979) (describing "clear and convincing evidence" as "the intermediate standard"). Alternatively, DHS bears the burden to demonstrate that the respondent poses a flight risk by a preponderance of the evidence. *Hernandez-Lara*, 10 F.4th at 41. "[W]hen something is to be established by a preponderance of the evidence it is sufficient that the proof only establish that it is probably true." *Matter of E-M-*, 20 I&N Dec. 77, 80 (BIA 1989); *see also Matter of A-H-*, 23 I&N Dec. 774, 789 (AG 2005) ("'Having more evidence for than against' is a preponderance of the evidence standard.").

Significant factors in custody redetermination include the respondent's length of residence in the United States; whether the respondent has a fixed address in the United States; the

respondent's family ties in the United States, particularly those which could confer immigration benefits on the respondent; the respondent's employment history; the respondent's criminal and immigration records; whether the respondent is eligible for relief from removal; any previous attempts to escape from authorities or avoid prosecution; and any prior failures to appear for court proceedings. *See, e.g.*, *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006), *abrogated on other grounds by Hernandez-Lara*,10 F.4th at 41.  The Court may base a custody or bond determination upon any information that is available or that is presented by the respondent or DHS. 8 C.F.R. § 1003.19(d). It is the responsibility of the Court and the parties to ensure that the bond record establishes the nature and substance of the information considered. *Matter of Adeniji*, 22 I&N Dec. 1102, 1115 (BIA 1999).

## IV.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

As the Respondent's removal proceedings are ongoing and DHS did not allege that he is subject to mandatory detention, the Court has jurisdiction to consider the Respondent's request that he be released from custody. INA § 236(a), (c). After carefully considering the record evidence and the arguments raised by both parties at the custody redetermination hearing, the Court found that DHS did not meet its burden to demonstrate by clear and convincing evidence that the Respondent poses a danger to the community. *Hernandez-Lara,* 10 F.4th at 41. However, DHS has met its burden to show by a preponderance of the evidence that the Respondent poses a flight risk which the Court does not find can be ameliorated by any conditions or bond amount.  *Id.*

During the custody redetermination hearing, DHS argued that the Respondent was a flight risk. The Respondent has previously been ordered removed from the United States by an Immigration Judge. Exh. 3 at 9. While he is appealing that decision, his relief from removal remains speculative while the appeal is pending before the Borad of Immigration Appeals. Furthermore, because the Respondent has been ordered removed, he does not have an incentive to appear at future hearings before the Court where his removal order may be upheld or executed.

The Respondent, through counsel, argued that DHS had not met its burden to prove by a preponderance of the evidence that he is a flight risk. The Respondent last entered the United States in 2014 and has continuously resided here for over ten years. *Id.* at 3-4. The Respondent has diligently pursued relief from removal by filing a Form I-589, Application for Asylum and Withholding of Removal, in 2018 and litigating his case before the Immigration Court. He is now in the process of appealing the Court's issuance of a removal order. He has maintained steady employment for much of his time in the United States until he was injured in a work-related incident. He is now pursuing a worker's compensation claim. Exh. 2 at 15-30. The Respondent was previously charged with minor driving-related offenses in 2015 and 2018, but he attended all criminal court hearings and was ultimately found not responsible for those charges. Exh. 3 at 11-14. The Respondent also submitted several letters from family and members of his community attesting to his good moral character. Exh. 2 at 4-13.

Based on the totality of the circumstances, the Court found that DHS met its burden to show by a preponderance of the evidence that the Respondent poses a flight risk which cannot be ameliorated by any conditions of release or bond amount. *Hernandez-Lara*, 10 F.4th at 41. The Court considered the length of time the Respondent has been in the United States, his delay in

3

<

filing his initial asylum application, his community ties, and the current status of his immigration case. Based on these considerations, the Court found that DHS demonstrated by a preponderance of the evidence that the Respondent is a flight risk, which the Court did not find could be ameliorated. *Id.* In light of the foregoing, the Court ordered that there be no change in the Respondent's custody status.

_____          _June 18, 2025_____
**NATALIE SMITH**                              Date
United States Immigration Judge



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**MAYANCELA MAYANCELA, JOSE ESTEBAN**
**A216-504-398**
**26 LONG POND ROAD**
**PLYMOUTH, MA 02660**

**DHS/ICE OFFICE OF CHIEF COUNSEL -**
**CHE**
**P.O.BOX 8728**
**BOSTON, MA 02114**

Name: MAYANCELA MA...                    A216-504-398

Type of Proceeding: **Removal**          **Date of this notice: 5/27/2025**

Type of Appeal: **Bond Appeal**          **Filed by:DHS**

<u>FILING RECEIPT FOR APPEAL FILED BY DHS</u>

The Board of Immigration Appeals acknowledges receipt of the appeal from DHS filed on 5/22/2025        in the above-referenced case.

**REPRESENTATION BEFORE THE BOARD**

You may be represented in these proceedings before the Board of Immigration Appeals (BIA or Board). If you want to be represented, **your representative must complete the enclosed form EOIR-27** (Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals) and file it with the Board as soon as possible in accordance with the <u>Filing Instructions</u> below.

Unless a Form EOIR-27 is received from your representative, you will be considered pro se (representing yourself) before the Board and all future notices, including the Board's decision, will be sent directly to you at your address above and not to your representative. Please note that the Board does not recognize a Form EOIR-28 (Notice of Entry of Appearance before the Immigration Court).

<u>If the respondent/applicant is unrepresented (also called pro se)</u> and receives assistance on documents to be filed with the Board (such as help preparing an appeal, motion, form, briefs, or other documents), a Notice of Entry of Limited Appearance for Document Assistance before the Board of Immigration Appeals (Form EOIR-60) must be submitted with the document(s) that assistance was provided when filed with the Board.

**WARNING:** If you have been granted voluntary departure by the Immigration Judge, you must submit sufficient proof of having posted the voluntary departure bond set by the Immigration Judge to the Board of Immigration Appeals. Your submission of proof must be provided to the Board within 30 days of filing this appeal. If you do not timely submit proof to the Board that the voluntary departure bond has been posted, the Board cannot reinstate the period of voluntary departure. 8 C.F.R. § 1240.26(c)(3)(ii).

<u>FILING INSTRUCTIONS</u>

In all future correspondence or filings with the Board, please list the name and registration number ("A" number) of the case (as indicated above), as well as all of the names and "A" numbers for every family member who is included in this appeal.

If you have any questions about how to file something at the Board, please review the Board's Practice Manual contained within EOIR's Policy Manual and found on EOIR's website at www.usdoj.gov/eoir.

Certificate of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the DHS Counsel at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected. See Chapter 3.2 (Service) of the Board's Practice Manual.

## FILING INSTRUCTIONS -- IMPORTANT REMINDER

Electronic filing through ECAS is mandatory for attorneys and accredited representatives appearing as practitioners of record (filed a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27)), as well as for DHS in every case that is eligible for electronic filing. See 8 C.F.R. §§ 1003.2(g)(4), 1003.3(g)(1), 1003.31(a).

Where electronic filing is not required, use of an overnight courier service to the address listed in the FILING ADDRESS: section below is encouraged to ensure timely filing.

## FILING ADDRESS

Board of Immigration Appeals
Clerk's Office
5107 Leesburg Pike, Suite 2000
Falls Church, VA  22041

Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

cc:

HURVICH, Carl Harry
10 High Street
Ste.3
Medford, MA, 02155

LynnJ

Userteam: PCM



**UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS**

N/A

DHS/ICE OFFICE OF CHIEF
COUNSEL - CHE
P.O.BOX 8728
BOSTON, MA 02114

Name:
 MAYANCELA MAYANCELA, JOSE ESTEBAN      216-504-398

Riders:

Date of Notice:  05/27/2025

**FILING RECEIPT FOR APPEAL OR MOTION**

The Board of Immigration Appeals (Board or BIA) acknowledges receipt of the appeal or motion
and fee or fee waiver request (where applicable) on  05/22/2025    , in the above-referenced
case, filed by the  Respondent

Additional Comments
 N/A

**WARNING FOR APPEALS:**

**Departure.**  If you leave the United States after filing this appeal but before the Board issues a
decision, your appeal may be considered withdrawn and the Immigration Judge's decision will
become final as if no appeal had been taken (unless you are an "arriving alien" as defined in the
regulations under 8 C.F.R. § 1001.1(q)).

**Proof of posting voluntary departure bond.** If you have been granted voluntary departure by the Immigration Judge, you must submit proof of having posted the voluntary departure bond set by the Immigration Judge to the Board.  Your submission of proof must be provided to the Board within 30 days of filing this appeal.  If you do not timely submit proof to the Board that the voluntary departure bond has been posted, the Board cannot reinstate the period of voluntary departure.  8 C.F.R. § 1240.2(c)(3)(ii).

**Autostay Bond Appeals.**  Please note that the automatic stay will expire 90 days from the date of receipt of the DHS' appeal.  8 C.F.R. § 1003.6(c)(3).  If the Board grants the respondent's request for additional briefing time, then the 90-day automatic stay period will be tolled for the same number of days.  8 C.F.R. § 1003.6(c)(4).

**Form EOIR-27.**  If the appeal was filed by DHS and the respondent/applicant wishes to be represented by an attorney or accredited representative in these new proceedings, counsel must complete a new Form EOIR-27 (Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals). Unless a Form EOIR-27 is received from counsel, the respondent/applicant will be considered pro se before the Board and all future notices, including the Board's decision, will be sent directly to the respondent/applicant and not to counsel.

## WARNING FOR MOTIONS:

**Stay of removal.**  Filing a motion with the Board does not automatically stop the DHS from executing an order of removal.  If the respondent/applicant is in DHS detention and is about to be removed, you may request the Board to stay the removal on an emergency basis.  For more information, call the Clerk's Office at (703) 605-1007.

**Form EOIR-27.**  If the motion was filed by DHS and the respondent/applicant wishes to be represented by an attorney or accredited representative in these new proceedings, counsel must complete a new Form EOIR-27 (Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals).  Unless a Form EOIR-27 is received from counsel, the respondent/applicant will be considered pro se before the Board and all future notices, including the Board's decision, will be sent directly to the respondent/applicant and not to counsel.

**FILING INSTRUCTIONS:**

If you have any questions about how to file something at the Board, please review the Board's Practice Manual which is available on EOIR's website at www.justice.gov/eoir.

Accepted by:  LynnJ

CC

Filed at BIA on: 05/22/2025 at 05:34:17 PM (Eastern Daylight Time)

**U.S. Department of Justice**                    OMB#1125-0005
Executive Office for Immigration Review        **Notice of Entry of Appearance as Attorney or**
*Board of Immigration Appeals*                    **Representative Before the Board of Immigration Appeals**

---

| (Type or Print)<br>**NAME AND ADDRESS OF REPRESENTED PARTY** | **ALIEN ("A") NUMBER**<br>(Provide A- number of the party/parties represented) |
|---|---|
| _____<br>(First)           (Middle Initial)            (Last) | _____<br>USCIS Visa Appeal (Provide beneficiary name and A number) |
| _____<br>(Number and Street)                    (Apt. No.) | _____<br>Fine (Provide fine number) |
| _____<br>(City)                (State)          (Zip Code) | _____<br>Disciplinary case (Provide docket number) |

**Attorney or Representative (please check one of the following):**

I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following states(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia (use additional space on reverse side if necessary), and I am not subject to any order disbarring, suspending, enjoining, restraining or otherwise restricting me in the practice of law in any jurisdiction (if subject to such an order, do not check this box and explain on reverse).

**Full Name of Court** _____ **Bar Number (if applicable)** _____

I am a representative accredited to appear before the Executive Office for Immigration Review as defined in 8 C.F.R. § 1292.1(a)(4) with the following recognized organization:

_____

I am a law student or law graduate of an accredited U.S. law school as defined in 8 C.F.R. § 1292.1(a)(2).

I am a reputable individual as defined in 8 C.F.R. § 1292.1(a)(3).

I am an accredited foreign government official, as defined in 8 C.F.R. § 1291.1(a)(5), from _____ (country).

I am a person who was authorized to practice on December 23, 1952, under 8 C.F.R. § 1292.1(b).

**Attorney or Representative (please check one of the following):**

I hereby enter my appearance as attorney or representative for, and at the request of, the party named above.

EOIR has ordered the provision of a Qualified Representative for the party named above and I appear in that capacity.

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representations before the Board of Immigration Appeals. By signing this form, I consent to publication of my name and any findings of misconduct by EOIR, should I become subject to any public discipline by EOIR pursuant to the rules and procedures at 8 C.F.R. 1003.101 *et seq.* I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**SIGNATURE OF ATTORNEY OR REPRESENTATIVE**          **EOIR ID NUMBER**          **DATE**

**X** _____

---

**NAME OF ATTORNEY OR REPRESENTATIVE, ADDRESS, FAX & PHONE NUMBERS, & EMAIL ADDRESS**

Name: _____
            (First)                    (Middle Initial)                    (Last)

Address: _____
                        (Number and Street)                    (Suite)

Law Firm:_____

_____
            (City)                    (State)                    (Zip Code)

Telephone: _____ Facsimile: _____ Email: _____

                                                            Check here if new address

EOIR 1 of 2

Form EOIR - 27
Rev. Jan. 2022

Filed at BIA on: 05/22/2025 at 05:34:17 PM (Eastern Daylight Time)

**Indicate Type of Appearance:**

Primary Attorney/Representative          Non-Primary Attorney/Representative

I am providing pro bono representation.  Check one:        yes        no

---

**Proof of Service**

I (Name) _____ provided a copy of this Form EOIR-27 on (Date) _____ to the

DHS (U.S. Immigration and Customs Enforcement – ICE) at _____ _____

DHS (U.S. Citizenship and Immigration Services – USCIS) at _____ _____

EOIR Disciplinary Counsel at _____ _____ _____

No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

**X** _____
Signature of Person Serving

---

**APPEARANCES** - An appearance for each represented party shall be filed on a separate Form EOIR-27 by the attorney or representative appearing in each appeal or motion before the Board of Immigration Appeals (see 8 C.F.R. § 1003.38(g)), even though the attorney or representative may have appeared in the case before the Immigration Judge or the U.S. Citizenship and Immigration Services. For information on how to file a Form EOIR-27 with the Board of Immigration Appeals, please see the EOIR website at www.justice.gov/eoir. If information is omitted from the Form EOIR-27 or it is not properly completed, the appearance may not be recognized, and the accompanying filing may be rejected. When an appearance is made by a person acting in a representative capacity, his/her personal appearance or signature constitutes a representation that, under the provisions in 8 C.F.R. part 1003, he/she is authorized and qualified to represent individuals and will comply with the EOIR Rules of Professional Conduct in 8 C.F.R. § 1003.102. Thereafter, substitution or withdrawal may be permitted upon approval by the Board of a request of the attorney or representative of record in accordance with *Matter of Rosales*, 19 I&N Dec. 655 (1988). Appearances for limited purposes are not permitted. *See Matter of Velasquez*, 19 I&N Dec. 377, 384 (BIA 1986). Note: Attorneys and Accredited Representatives (with full accreditation) must register with the EOIR eRegistry in order to practice before the Board of Immigration Appeals (see 8 C.F.R. § 1292.1(f)). Registration must be completed online on the EOIR website at www.justice.gov/eoir. Attorneys and Accredited Representatives (with full accreditation) must first update their address in eRegistry before filing a Form EOIR-27 that reflects a new address.

**FREEDOM OF INFORMATION ACT** - This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is in 28 C.F.R. §§ 16.1-16.11 and appendices. For further information about requesting records from EOIR under the Freedom of Information Act, see How to File a Freedom of Information Act (FOIA) Request With the Executive Office for Immigration Review, available on EOIR's website at http://www.justice.gov/eoir.

**PRIVACY ACT NOTICE** - The information requested on this form is authorized by 8 U.S.C. § 1362 and 8 C.F.R. § 1003.3 in order to enter an appearance to represent a party before the Board of Immigration Appeals. The information you provide is mandatory and required to enter an appearance. Failure to provide the requested information will result in an inability to represent a party or receive notices of actions in a proceeding. EOIR may share this information with others in accordance with approved routine uses described in EOIR's system of records notice, EOIR-001, Records and Management Information System, 69 Fed. Reg. 26,179 (May 11, 2004), and EOIR-003, Practitioner Complaint-Disciplinary Files, 64 Fed. Reg. 49237 (September 1999), or their successors. Furthermore, the submission of this form acknowledges that an attorney or representative will be subject to the disciplinary rules and procedures at 8 C.F.R. 1003.101 et seq., including, pursuant to 8 C.F.R. §§ 292.3(h)(3), 1003.108(c), publication of the name of the attorney or representative and findings of misconduct should the attorney or representative be subject to any public discipline by EOIR.

**CASES BEFORE EOIR** - Automated information about cases before EOIR is available by calling (800) 898-7180 or (240) 314-1500.

**ADDITIONAL INFORMATION:**

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number.  We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information.  The estimated average time to complete this form is six (6) minutes.  If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia  22041.

EOIR 2 of 2

Filed at BIA on: 05/22/2025 at 05:34:07 PM (Eastern Daylight Time)

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002
**Notice of Appeal from a Decision of an
Immigration Judge**

*Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.*

**1.** | List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

For Official Use Only

**!** **WARNING:** Names and "A" Numbers of **everyone** appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

**2.** I am        the Respondent/Applicant        DHS-ICE *(Mark only one box.)*

**3.** I am        DETAINED        NOT DETAINED *(Mark only one box.)*

**4.** My last hearing was at _____ *(Location, City, State)*

**5.** | **What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

I am filing an appeal from the Immigration Judge's decision *in **merits** proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated_____.

I am filing an appeal from the Immigration Judge's decision *in **bond** proceedings* dated _____ . (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court?        Yes.        No.)

I am filing an appeal from the Immigration Judge's decision ***denying a motion to reopen or a motion to reconsider*** dated_____.

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

*EOIR 1 of 3*

**Page 1 of 3**

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

Filed at BIA on: 05/22/2025 at 05:34:07 PM (Eastern Daylight Time)

6. **State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

*(Attach additional sheets if necessary)*

**!** **WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

7. Do you desire oral argument before the Board of Immigration Appeals?    Yes    No

8. Do you intend to file a separate written brief or statement after filing this Notice of Appeal?    Yes    No

9. If you are unrepresented, do you give consent to the BIA Pro Bono Project to have your case screened by the Project for potential placement with a free attorney or accredited representative, which may include sharing a summary of your case with potential attorneys and accredited representatives? *(There is no guarantee that your case will be accepted for placement or that an attorney or accredited representative will accept your case for representation)*    Yes    No

**!** **WARNING:** If you mark "Yes" in item #7, you should also include in your statement above why you believe your case warrants review by a three-member panel. The Board ordinarily will not grant a request for oral argument unless you also file a brief.

If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

10. | Print Name: | _____ |

11. | Sign Here:  | X _____    _____ |

<div align="center">Signature of Person Appealing<br>*(or attorney or representative)*</div>

Date

EOIR 2 of 3

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

Filed at BIA on: 05/22/2025 at 05:34:07 PM (Eastern Daylight Time)

**12.**

| Mailing Address of Respondent(s)/Applicant(s) | Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s) |
|---|---|
| (Name) | (Name) |
| (Street Address) | (Street Address) |
| (Apartment or Room Number) | (Suite or Room Number) |
| (City, State, Zip Code) | (City, State, Zip Code) |
| (Telephone Number) | (Telephone Number) |

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**13.**

## PROOF OF SERVICE (You Must Complete This)

I _____ mailed or delivered a copy of this Notice of Appeal
   (Name)

on _____ to _____
         (Date)                              (Opposing Party)

at _____
            (Number and Street, City, State, Zip Code)

No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

**SIGN HERE** ➡ X _____
                           Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee payment receipt, fee, or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

## HAVE YOU?

Read all of the General Instructions.
Provided all of the requested information.
Completed this form in English.
Provided a certified English translation for all non-English attachments.
Signed the form.

Served a copy of this form and all attachments on the opposing party, if applicable.
Completed and signed the Proof of Service
Attached the required fee payment receipt, fee, or Fee Waiver Request.
If represented by attorney or representative, attach a completed and signed EOIR-27 for each respondent or applicant.

Form EOIR-26
Rev. Nov. 2022
Exp. Jan. 2026

EOIR 3 of 3

Uploaded on: 04/30/2025 at 09:09:48 AM (Eastern Daylight Time) Base City: BOS

**U.S. Department of Justice**

Executive Office for Immigration Review

**Change of Address/Contact Information Form**
**Immigration Court**

**Instructions: To complete this form, fill out all blanks below, including proof of service, which certifies that you will provide a copy of this form to the Department of Homeland Security (DHS). After filling in the blanks and signing both the declaration and proof of service, you must submit the form electronically, in person, or by mail. If submitting electronically, file in Respondent Portal at https://respondentaccess.eoir.justice.gov. Attorneys and fully accredited representatives submitting this form electronically must file in Case Portal at https://portal.eoir.justice.gov. If submitting by mail, follow the mailing instructions on Page 2. You must submit a separate copy of this form for each individual who has a case pending in immigration court and whom the change of information affects.**

You must file this form with the immigration court within five working days of the change to your contact information, or your receipt of a charging document (e.g., a Notice to Appear) with incorrect contact information. The immigration court will send all official correspondence (e.g., notices, decisions) to the address you provide. The immigration court will only make any change(s) to your contact information in EOIR's records upon receipt of this form; the immigration court will not change your contact information based on different information on pleadings, motions, or other communications with the court.

If you fail to appear at any hearing before an immigration judge when notice of that hearing or other official correspondence was served on you or sent to the address you provided, DHS may take you into custody. In addition, the immigration court may conduct your hearing in your absence and enter an order of removal, deportation, or exclusion against you. If the court enters such an order, you may be ineligible for certain forms of relief from removal under the Immigration and Nationality Act as follows:

- If you are in **removal** proceedings: You will be subject to an order of removal for a period of ten years after the date of entry of the final order. You may also become ineligible for voluntary departure, cancellation of removal, and adjustment of status or change of status.
- If you are in **deportation** proceedings: You will be subject to an order of deportation for a period of five years after the date of the entry of the final order. You may also become ineligible for voluntary departure, suspension of deportation or voluntary departure, and adjustment of status or change of status.
- If you are in **exclusion** proceedings: Your application for admission to the United States may be considered withdrawn.

| Name - Last, First, Middle, Suffix (if applicable): | A-Number: |
|---|---|
| MAYANCELA MAYANCELA , JOSE , ESTEBAN | 216-504-398 |

| **My FORMER address and phone number were:** | **My CURRENT address and phone number are:** |
|---|---|
| JOSE E. MAYANCELA MAYANCELA | JOSE E. MAYANCELA MAYANCELA |
| "In care of" other person (if any) | "In care of" other person (if any) |
| 852 CRESCENT STREET APT 1 | 157 PROSPECT STREET APT I |
| Number; Street; Apartment (if any) | Number; Street; Apartment (if any) |
| BROCKTON MA, 02301 , USA | BROCKTON  MA, 02301 , USA |
| City, State, and ZIP Code; Country (if other than U.S.) | City, State, and ZIP Code; Country (if other than U.S.) |
| +1 508-818-6371 | +1 508-818-6371 |
| Phone Number (include country code if other than U.S.) | Phone Number (include country code if other than U.S.) |
| KPM@MACMURRAYASSOCIATES.COM | KPM@MACMURRAYASSOCIATES.COM |
| Email Address | Email Address |

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am the person named above associated with the A-Number listed above, and that the information contained in this form is true and correct to the best of my knowledge.

| **SIGN HERE** ➡ | X JOSE ESTEBAN MAYANCELA MAYANCELA | 04/30/2025 |
|---|---|---|
| | Signature | Date |

**PROOF OF SERVICE**

I, KEVIN MACMURRAY , provided a copy of this Change of Address Form on, 04/30/2025 , to the
(Name)                                                                                                                    (date)

Office of the Principal Legal Advisor for DHS Immigration and Customs Enforcement-ICE at: _____

DHS/ICE OFFICE OF CHIEF COUNSEL  - P.O. BOX 8728, BOSTON, MA, 02114

(Indicate if electronic/email service, or in-person or mail service (provide Number and Street, City, State, ZIP Code))

By signing, I agree to provide a copy of this Change of Address Form to the Office of the Principal Legal Advisor for DHS Immigration and Customs Enforcement-ICE at the location I selected above. I understand that I can provide DHS with a copy either electronically through the DHS eService portal (register at https://eserviceregistration.ice.gov), or by mail or personal delivery.

| **SIGN HERE** ➡ | X KEVIN MACMURRAY |
|---|---|
| | Signature |

EOIR 1 of 2

Form EOIR-33/IC
Revised November 2021

# SERVICE INSTRUCTIONS

1. Provide a copy of the completed form to the DHS ICE Office of the Principal Legal Advisor (OPLA) per the method you specified in the PROOF OF SERVICE above. Copies provided electronically can be done through DHS ICE eService Portal, located at https://eserviceregistration.ice.gov. Addresses for DHS ICE OPLA Field Locations where copies can be mailed or delivered in-person are available online at https://www.ice.gov/contact/legal. Failure to comply with these requirements may result in EOIR rejecting the filing.

**Privacy Act Notice**

The information on this form is required by 8 U.S.C. § 1229(a)(1)(F)(ii) and 8 C.F.R § l003.15(d)(2) in order to notify EOIR's immigration court of any change(s) of address or phone number. The information you provide is mandatory. Failure to provide the requested information limits the notification you will receive and may result in adverse consequences noted above. EOIR may share this information with others in accordance with approved routine uses described in EOIR's system of records notice EOIR–001, Records and Management Information System, and EOIR-003, Practitioner Complaint-Disciplinary Files.

EOIR 2 of 2



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CHELMSFORD IMMIGRATION COURT**

Respondent Name:

    MAYANCELA MAYANCELA, JOSE
    ESTEBAN

To:

    MacMurray, Kevin Patrick
    2 center plaza suite 605
    Sixth Floor
    Boston, MA 02108

A-Number:
216504398
Riders:
In Custody Redetermination Proceedings

Date:
04/24/2025

**ORDER OF THE IMMIGRATION JUDGE**

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑    Denied, because
    The Respondent poses a flight risk.

☐    Granted. It is ordered that Respondent be:
    ☐   released from custody on his own recognizance.
    ☐   released from custody under bond of $
    ☐   other:

☐    Other:

Immigration Judge: Smith, Natalie 04/24/2025

Appeal:    Department of Homeland Security: ☑ waived    ☐ reserved
           Respondent:                     ☐ waived    ☑ reserved
Appeal Due: 05/27/2025

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS
Respondent Name : MAYANCELA MAYANCELA, JOSE ESTEBAN | A-Number : 216504398
Riders:
Date: 04/24/2025 By: HUMUD, ZAMIR, Court Staff

```
                          IMMIGRATION COURT
                     150 APOLLO DRIVE, SUITE 100
                        CHELMSFORD, MA  01824



MacMurray & Associates
MacMurray, Kevin Patrick
2 center plaza suite 605
Sixth Floor
Boston, MA  02108


FILE: A216-504-398

RE:  MAYANCELA MAYANCELA, JOSE ESTEBAN


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Apr 24, 2025 AT 09:30 A.M. AT THE FOLLOWING ADDRESS:

                        1 SUCCESS LOOP ROAD
                        BERLIN, NH  03570

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.
```

_____
                      CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL [M]  PERSONAL SERVICE [P]  ELECTRONIC SERVICE [E]
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ e] ALIEN's ATT/REP  [e ] DHS
DATE: ____04/17/2025_____    BY: COURT STAFF _____BC_____
     Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
_____

                                                                 U7

Uploaded on:  04/16/2025 at 09:39:45 AM (Eastern Daylight Time)   Base City:  CHE

Ronald Seely                                              Detained
Chief Counsel
Mary Kelley
Assistant Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
John F. Kennedy Federal Building, Room 425
Government Center
Boston, MA  02203
(617) 565-3140

### UNITED STATES DEPARTMENT OF JUSTICE
### EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### IMMIGRATION COURT
### BOSTON, MASSACHUSETTS

In the Matter of:

MAYANCELA MAYANCELA, JOSE          File No.    216504398
ESTEBAN

In Removal Proceedings

Immigration Judge:   Ostrom, Donald          Next Hearing Date: 4/17/2025 9:00 AM

### DEPARTMENT OF HOMELAND SECURITY'S
### EVIDENCE SUBMISSION

1.  I 213
2.  MA criminal history
3.  Removal order
4.  Docket reports

Date: April 16, 2025                          Respectfully submitted,

*mary kelley*
_____

Mary Kelley
Assistant Chief Counsel
Mary A. Young

Uploaded on:  04/16/2025 at 09:39:45 AM (Eastern Daylight Time)   Base City:  CHE

Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

Uploaded on:  04/16/2025 at 09:39:45 AM (Eastern Daylight Time)   Base City:  CHE

MAYANCELA MAYANCELA, JOSE ESTEBAN
216504398

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT, on <u>April 16, 2025,</u> I served the foregoing document and any attachments:

☐　　　by placing a true copy thereof in a sealed envelope, with postage thereon to be fully prepaid by normal government process and causing the same to be mailed by first class mail to the person at the address set forth below;

☐　　　by causing to be personally delivered a true copy thereof to the person at the address set forth below;

☐　　　by FEDERAL EXPRESS / AIRBORNE EXPRESS to the person at the address set forth below; or

☒　　　by uploading the document to ECAS.


Date: April 16, 2025

*mary kelley*

_____
Mary Kelley
Assistant Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

Exh. 3 – Adm.

4/15/25, 9:09 AM    Case 1:25-cv-00... LM SPI    Document 1-1    Encounter Summary    Filed 00/14/25



Logged In: ▮ |

| Person ID: ▮ Sex: M DOB: 07/20/1993 Current Age: 31 COB: ECUAD COC: ECUAD |
| Subject ID 398302126 Processing Disposition Other ICE Non Detained Portal Verified Account No RCA Look Up |
| Case # ▮9 Case Category [8D] Docket BOS ..Detained (250 499) Rodriguez |

| Final Order of Removal: No | Time in Custody: 15 days | Special Class: |
| Final Order Date: N/A | Depart / Cleared Status: ACTIVE | |
| Proceed With Removal: N/A | | |
| Days Final Order in Effect: N/A | | |

**Current / Active Alerts**

In Custody

## Mayancela Mayancela, Jose Esteban 216 504 398

## Encounter Details

**5 Encounter(s) linked to Person ID:** ▮

| | Ref# | Subject ID | A-Number | Last Name | First Name | COC | Historical Priority | DOB | Encountered on | Case | Case Category | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ● | 5 | 3▮ | 216504398 | MAYANCELA | JOSE | ECUAD | No Priority | 07/20/1993 | 03/27/2025 | ▮ | ▮ | Unlink |
| ○ | 4 | 3▮ | 216504398 | MAYANCELA MAYANCELA | JOSE | ECUAD | No Priority | 07/20/1993 | 01/15/2025 | | | Unlink |
| ○ | 3 | 3▮ | 216504398 | MAYANCELA MAYANCELA | JOSE | ECUAD | No Priority | 07/20/1993 | 06/13/2024 | | | Unlink |
| ○ | 2 | 3▮ | 216504398 | MAYANCELA MAYANCELA | JOSE | ECUAD | No Priority | 07/20/1993 | 06/13/2024 | | | Unlink |
| ○ | 1 | ▮8 | 216504398 | MAYANCELA MAYANCELA | JOSE | ECUAD | No Priority | 07/20/1993 | 05/15/2018 | ▮ | ▮ | Unlink |

## Encounter Details

All information below may only be ▮

### Event / Incident Information

| Event Number ▮9 | Operation ▮ | Primary Agent **N/A** |
| Event Occurred On: **03/27/2025** | Site: **N/A** | Assigned On: |
| Event Type: **Administrative Non-Criminal Individual** | Landmark: **N/A** | Event Supervisor: **N/A** |
| Program **BP - Border Patrol** | | Assigned On |

### Subject Information

FINS: 1█████5
A-Number: **216 504 398**
Control Name: **MAYANCELA**
First Name **JOSE**
Middle Name **ESTEBAN**
Maiden: **N/A**
Nickname **N/A**
Living? **N/A**
Sex: **M**
Transgender **N/A**
Marital Status **N/A**
SSN: **N/A**
Juvenile Verified: **N/A**
Occupation **LABORER**
TSC Log #: **N/A**
NUIN #: **N/A**
SEN # **N/A**
TECS Subject #: **N/A**
U.S. Veteran Status: **N/A**
Relationship to U S Veteran(s) **N/A**

DNA Collection Device Number **N/A**

Historical Priority: **No Priority**
Criminal Type **N/A**
Agg Felon: **No Aggravated Felony Convictions**
Primary Citizenship: **ECUADOR**
Stateless Type **N/A**
Hair **BRO**
Eyes: **BRO**
Complexion **LBR**
Race **W**
Origin: **N/A**
Date of Birth **07/20/1993**
Age **31**
Age at Encounter: **31**
Height: **68**
Weight **190**
Speak/Understand English: **N/A**
Read/Write English: **N/A**
Primary Language **SPANISH**
Family Members: **N/A**

Role: **I**
Role Comment **N/A**
Processing Disposition: **Other**
INS Status: **Deportable**
POE **UNKNOWN**
Entry Date **N/A**
Entry Class: **PWA Mexico**
Apprehension Date **2025-03-27 11:00:00.0**
Warrant served by Warrant Service Officer (WSO)? **N/A**
Arrest Method: **Patrol Border**
Site **RGM**
Landmark **002 - FRANKLIN CTY RANGELEY/DALLAS/REDDINGTON NORTH TO MERRILL/SKINNER TWPS**
Arrest At/Near: **RANGELEY, ME**
Juvenile Status: **N/A**
CBP Family Unit ID **N/A**
CBP Separation Reason: **N/A**
Accompanying Family Member Relation: **N/A**
Accompanying Family Member Subject ID **N/A**
Consequence Delivery System Selection: **SOTA**
ICE Family ID: **N/A**

## I-213 Narrative

### Narrative 1 : Created Date: 03/27/2025 12:27 PM

On March 27, 2025, I Border Patrol Agent (BPA) Jonathan Lemay, observed a Massachusetts plated white Chevrolet Express Van driving at a high rate of speed through the center of Rangeley, Maine. I estimate the speed of the van to be about 60 MPH. The speed limit in this area is 25 MPH. I tried to catch up to the vehicle. The van and I passed a Rangeley Police Department unit driving on the road in the other direction. I watched the van pull into Park St. in the center of Rangeley. I turned around to speak with the Rangeley PD unit who was now parked at Main St and Depot St. I told the Rangeley PD unit about the speeding van. The officer acknowledged that he did see the speeding van but thought I was going to pull it over myself. He said he would keep an eye out for the van if it made any further moving violations.

I decided to go talk to the occupants of the van about their speed. I began to drive down Park St. I could see the van was parked at the end of the road in a parking lot near the boat launch. I observed about 7 individuals unloading gear out of the back of the van. When the 7 individuals saw me, they all ran in different directions. I then called for additional agents to respond.

It has been my experience that work crews driving white vans from Massachusetts often employ illegal aliens from South America. That fact, along with the fact they all ran when they saw me coming in my marked Border Patrol service vehicle led me to believe these 7 individuals were probably here illegally.

We surrounded the area and were able to locate 7 individuals who matched the description of the individuals who ran. I identified myself as a United States Border Patrol Agent. I then asked each of the 7 individuals what country they were citizens of. All 7 said they were citizens of Ecuador. I asked each of them individually if they had documents to live in the United States legally. Each of them replied that they "were in the process" and that they had lawyers representing them, but none of them had any immigration documentation with them. I detained the 7 individuals, and they were all transported to the Rangeley Border Patrol Station for further processing.

ENTRY DATA:

MAYANCELA claims to have entered the United States illegally in Arizona in 2015.

Immigration History:
MAYANCELA was order removed on 03/10/2020 with a filed appeal on 03/30/2020.

Criminal History:
Arrested on 6/12/24 by Massachusetts State Police for operating an unregistered motor vehicle on a suspended license and for failure to stop for police.

DERIVATIVE CITIZENSHIP DATA:
MAYANCELA stated that neither his father nor his mother have made entry into the U.S.. MAYANCELA makes no claim to derivative citizenship in the US and has provided no information that he has any pending applications for a benefit under the Immigration & Nationality Act. A search of the following indices has provided no further information regarding the subject or a potential claim to US Citizenship; CIS, CLAIMS, EARM, ENFORCE, NCIC, IDENT.

CREDIBLE / REASONABLE FEAR:
MAYANCELA claims no fear.

CONSULATE NOTIFICATION:
MAYANCELA was notified of his right to communicate with a consular officer from Ecuador as per Article 36(a)(b) of the Vienna Convention of Consular Relations. MAYANCELA acknowledged understanding this right but declined to speak with anyone at this time.

MEDICAL HISTORY:
MAYANCELA claims to and appears to be in good health.

Family
none

DISPOSITION:
MAYANCELA was processed as a custody redetermination and was transferred to ICE ERO in Plymouth, MA.

United States Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations █████████████

EOIR - 6 of 14

Exh. 3 - Adm.

3/3

Uploaded on: 04/16/2025 at 09:39:45 AM (Eastern Daylight Time)  Base City: CHE



**U.S. Customs and Border Protection**
**U.S. Department of Homeland Security**
**NNSV Query Result**

```
FR.MASIR0000
06:12 04/16/2025 31475
06:12 04/16/2025 34023 MAICE01T0
*NN01202588
TXT
PUR/C.ATN/ANDRE, DAVID J.SID/MAP5520261
THIS RECORD IS BASED ONLY ON THE PCF NUMBER IN YOUR REQUEST-
PCF/5520261



THE FOLLOWING IS NONFINGERPRINT SUPPORTED DATA BASED ON YOUR PCF REQUEST.


*****************************************************************************
*                                                                           *
*                ******* WARNING ******** WARNING ********                   *
*                                                                           *
*      THIS INFORMATION IS CORI.  IT IS NOT SUPPORTED BY FINGERPRINTS.       *
*PLEASE CHECK THAT THE NAME REFERENCED BELOW MATCHES THE NAME AND DATE OF BIRTH*
*OF THE PERSON REQUESTED.                                                    *
*                                                                           *
*****************************************************************************

              **********   COMMONWEALTH OF MASSACHUSETTS   **********
                   DEPARTMENT OF CRIMINAL JUSTICE INFORMATION SERVICES

                      *** PERSONS COURT SUMMARY ***

NAM: MAYANCELA, JOSE E          FORMAL-NAM: JOSEPH        PCF: 00005520261
DOB: 07/20/93   SEX: M  RAC: W   POB:                     SSN: 823043628
MOM:MAYAMCELA        POP:MANUEL MAYANCEL HGT: 600 WGT: 170 HAI: BRO EYE: BRO
ADDRESS: 11 DIVISION ST. APT. 1, BROCKTON, MA

ALIAS:
      NAM: MAYANCELA, JOSE
      FORMAL-NAM: JOSEPH
      DOB: 07/20/93  SEX: M  RAC: W
      MOM: MARIA
      POP: MANNY
      ADDRESS: 85 KATHLEEN ROAD, BROCKTON, MA
ALIAS:
      NAM: MAYANCELA, JOSE
      FORMAL-NAM: JOSEPH
      DOB: 07/20/93  SEX: M  RAC:
      ADDRESS: 544 NORTH MAIN STREET, BROCKTON, MA
ALIAS:
      NAM: MAYANCELA, JOSE ESTEBAN
      FORMAL-NAM: JOSEPH
      DOB: 07/20/93  SEX: M  RAC: W
      MOM: MARIA
      POP: MANNY
      ADDRESS: 85 KATHLEEN ROAD, BROCKTON, MA
ALIAS:
      NAM: MAYANCELA, JOSE ESTEBAN
      FORMAL-NAM: JOSEPH
      DOB: 07/20/93  SEX: M  RAC:
      ADDRESS: 544 NORTH MAIN STREET, BROCKTON, MA

COMMENTS:


***** ***** ***** ***** ADULT APPEARANCES ***** ***** ***** *****

ARRAIGNMENT: (0001)
  ARG-DATE: 06/13/24 PD: SB2 COURT: GREENFIELD DISTRICT    DKT#:  2441CR000659A
  OFF:  OPERATING AFTER SUSPEND LIC                        114B-SUS
  STATUS: W   WPD: SB2 WDT:  / /
  DISP: C 7/15/24 DF

ARRAIGNMENT: (0002)
  ARG-DATE: 06/13/24 PD: SB2 COURT: GREENFIELD DISTRICT    DKT#:  2441CR000659B
  OFF:  NUM PLT OBSCR/NOT DISP/CONC ID                     MV OBSCR/CONC PL
  STATUS: W   WPD: SB2 WDT:  / /
  DISP: C 7/15/24 DF

ARRAIGNMENT: (0003)
  ARG-DATE: 06/13/24 PD: SB2 COURT: GREENFIELD DISTRICT    DKT#:  2441CR000659D
  OFF:  COMPULSORY INSURANCE VIOLATION                     118A
  STATUS: W   WPD: SB2 WDT:  / /
  DISP: C 7/15/24 DF

ARRAIGNMENT: (0004)
```

Exh. 3 - Adm.                **For Official Use Only / Law Enforcement Sensitive**

Uploaded on: 04/16/2025 at 09:39:45 AM (Eastern Daylight Time)  Base City: CHE



**U.S. Customs and Border Protection**
**U.S. Department of Homeland Security**
**NNSV Query Result**

04/16/2025 09:12 EDT                Generated By: DAVID ANDRE                Page 3 of 3

```
  ARG-DATE: 12/18/19 PD: EAS COURT: BROCKTON DISTRICT      DKT#: 1915CR004729A
  OFF:  OPERATING AFTER SUSPEND LIC                        114B-SUS
  STATUS: C    WPD:      WDT:
  DISP: DISM

ARRAIGNMENT: (0005)
  ARG-DATE: 12/18/19 PD: EAS COURT: BROCKTON DISTRICT      DKT#: 1915CR004729B
  OFF:  OPERATING AFTER SUSPEND REG                        114C-SUS
  STATUS: C    WPD:      WDT:
  DISP: DISM

ARRAIGNMENT: (0006)
  ARG-DATE: 12/18/19 PD: EAS COURT: BROCKTON DISTRICT      DKT#: 1915CR004729C
  OFF:  COMPULSORY INSURANCE VIOLATION                     118A
  STATUS: C    WPD:      WDT:
  DISP: CC PD DISM

***** ***** ***** **** END OF ADULT APPEARANCES ***** ***** ***** *****

REQUESTED BY: ANDRE, DAVID J
COMPLETED BY: ANDRE, DAVID J
       AGENCY:
```

Exh. 3 - Adm.

**For Official Use Only / Law Enforcement Sensitive**

Uploaded on:  04/16/2025 at 09:39:45 AM (Eastern Daylight Time)   Base City: CHE

UNITED STATES IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA  02203

IN THE REMOVAL CASE OF                           CASE NO.: A216-504-398
MAYANCELA MAYANCELA, JOSE ESTEBAN
RESPONDENT

ORDERS

[X] This is a memorandum of the Court's Decision and Orders entered on
    _March 10, 2020_____.  This memorandum is solely for the
    convenience of the parties.  The oral or written Findings, Decision
    and Orders is the official opinion in this case.  ( ) Both parties
    waived issuance of a formal oral decision in the case.
[X] The respondent was ordered REMOVED from the United States to
    _Ecuador_____ ( ) in absentia.
[ ] Respondent's application for VOLUNTARY DEPARTURE was DENIED and
    respondent was ordered removed to _____, in the
    alternative to _____.
[ ] Respondent's application for VOLUNTARY DEPARTURE was GRANTED until
    _____, upon posting a voluntary departure bond in the amount
    of $_____ to DHS within five business days from the date of this
    Order, with an alternate Order of removal to _____
    or _____.  Respondent shall present to DHS within
    _____.  ( ) thirty days ( ) sixty days from the date of this Order, all
    necessary travel documents for voluntary departure.
[X] Respondent's application for ASYLUM was ( ) granted  (X) denied
    ( ) withdrawn with prejudice.
    ( ) subject to the ANNUAL CAP under the INA section 207(a)(5).
    ( ) Respondent knowingly filed a FRIVOLOUS asylum application.
[X] Respondent's application for WITHHOLDING of removal under INA
    section 241(b)(3) was ( ) granted  (X) denied  ( ) withdrawn with
    prejudice.
[X] Respondent's application for WITHHOLDING of removal under the Torture
    Convention was ( ) granted  (X) denied  ( ) withdrawn with prejudice.
[ ] Respondent's application for DEFERRAL of removal under the Torture
    Convention was ( ) granted  ( ) denied  ( ) withdrawn with prejudice.
[ ] Respondent's application for CANCELLATION of removal under section
    ( ) 203(b) of NACARA, ( ) 240A(a) ( ) 240A(b)(1) ( ) 240A(b)(2)
    of the INA, was ( ) granted ( ) denied ( ) withdrawn with prejudice.
    If granted, it was ordered that the DHS issue all appropriate documents
    necessary to give effect to this Order.  Respondent ( ) is ( ) is not
    subject to the ANNUAL CAP under INA section 240A(e).
[ ] Respondent's application for a WAIVER under the INA section
    _____ was ( ) granted ( ) denied ( ) withdrawn or
    ( ) other _____.  ( ) The conditions imposed by
    INA section 216 on the respondent's permanent resident status were removed.
[ ] Respondent's application for ADJUSTMENT of status under section _____
    of the ( ) INA ( ) NACARA  ( ) _____ was
    ( ) granted ( ) denied ( ) withdrawn with prejudice.  If granted,
    it was ordered that DHS issue all appropriate documents necessary to
    give effect to this Order.

Exh. 3 - Adm.

Uploaded on: 04/16/2025 at 09:39:45 AM (Eastern Daylight Time)   Base City:  CHE

CASE NUMBER: 216-504-398      RESPONDENT: MAYANCELA MAYANCELA, JOSE ESTEBAN

[  ] Respondent's status was RESCINDED pursuant to the INA section 246.
[  ] Respondent's motion to WITHDRAW his application for admission was
      (  ) granted  (  ) denied.  If the respondent fails to abide by any of
      the conditions directed by the district director of DHS, then the
      alternate Order of removal shall become immediately effective without
      further notice or proceedings:  the respondent shall be removed from
      the United States to _____.
[  ] Respondent was ADMITTED as a _____ until
      _____.  As a condition of admission, the respondent was
      ordered to post a $ _____ bond.
[  ] Case was (  ) TERMINATED  (  ) with  (  ) without prejudice
      (  ) ADMINISTRATIVELY CLOSED.
[  ] Respondent was orally advised of the LIMITATION on discretionary
      relief and consequences for failure to depart as ordered.
      [  ] If you fail to voluntarily depart when and as required, you shall
      be subject to civil money penalty of at least $1,000, but not more than
      $5,000, and be ineligible for a period of 10 years for any further
      relief under INA sections 240A, 240B, 245, and 248 (INA Section 240B(d)).
      [  ] If you are under a final order of removal, and if you willfully fail
      or refuse to 1) depart when and as required, 2) make timely application
      in good faith for any documents necessary for departure, or 3) present
      yourself for removal at the time and place required, or, if you conspire
      to or take any action designed to prevent or hamper your departure, you
      shall be subject to civil money penalty of up to $799 for each day under
      such violation.  (INA section 274D(a)).  If you are removable pursuant
      to INA 237(a), then you shall further be fined and/or imprisoned for up
      to 10 years.  (INA section 243(a)(1)).
[  ] Other:
      _____
      _____
      _____

Date: _March 10, 2020_                    _Gwendylan E. Tregerman_
                                          TREGERMAN, GWENDYLAN E., Judge

APPEAL: (  ) waived  (X) reserved    by  (X) Respondent  (  ) DHS  (  ) Both

DUE BY: _April 9, 2020_

_____
                        CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:
              MAIL [M]  PERSONAL SERVICE [P]  ELECTRONIC SERVICE [E]
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer [✓] ALIEN's ATT/REP [✓] DHS
DATE: _March 10, 2020_ BY: [ ] COURT STAFF  [X] JUDGE  _Gwendylan E. Tregerman_
                                                                        Y2

Uploaded on: 04/16/2025 at 09:39:45 AM (Eastern Daylight Time)  Base City: CHE



**BROCKTON DISTRICT COURT**
**Public Docket Report**

### 1515CR005001 Commonwealth vs. Mayancela, Jose E

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Criminal | **FILE DATE:** | 09/03/2015 |
| **ACTION CODE:** | 90/10/A-1 | **CASE TRACK:** | |
| **DESCRIPTION:** | UNLICENSED OPERATION OF MV c90 §10 | | |
| **CASE DISPOSITION DATE** | 10/29/2015 | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Dismissed | **STATUS DATE:** | 10/29/2015 |
| **CASE JUDGE:** | | **CASE SESSION:** | |

#### LINKED CASE

1515AC030720-

#### PARTIES

**Defendant**
Mayancela, Jose E
544 N MAIN STREET
BROCKTON, MA 02301

**Complainant**
Cesarini, Sgt. Andrew H.

#### PARTY CHARGES

| # | Offense Date/ Charge | Code | Town | Disposition | Disposition Date |
|---|---|---|---|---|---|
| 1 | 08/21/2015 90/10/A-1 Brockton UNLICENSED OPERATION OF MV c90 §10 | | | Dismissed | 10/29/2015 |
| 2 | 08/21/2015 89/7-1 Brockton EMERGENCY VEHICLE, WILFULLY OBSTRUCT c89 §7 | | | Not Responsible | 10/29/2015 |

#### EVENTS

| Date | Session | Event | Result | Resulting Judge |
|---|---|---|---|---|
| 10/29/2015 | Arraignment Session -- Room 1 | Arraignment | Held-Arraignment/58A Danger Request | Ziemian |
| 10/29/2015 | Administrative Review Session | Cont. for Paymt. or Cmpl. Com Service & dismissal | Held - No future event | Bernard |

#### FINANCIAL SUMMARY

| | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| | **Total** | 150.00 | 150.00 | 0.00 | 0.00 |

| | | |
|---|---|---|
| Printed: 05/14/2018  8:32 am | Case No: 1515CR005001 | Page: 1 |

Uploaded on:  04/16/2025 at 09:39:45 AM (Eastern Daylight Time)   Base City:  CHE



**BROCKTON DISTRICT COURT**
**Public Docket Report**

| Deposit Account(s) Summary | | | Received | Applied | Checks Paid | Balance |
|---|---|---|---|---|---|---|
| | | Total | | | | |

| INFORMATIONAL DOCKET ENTRIES | | | | |
|---|---|---|---|---|

| Date | Ref | Description | | Judge |
|---|---|---|---|---|
| 08/31/2015 | | APPLICATION FOR COMPLAINT FILED | | |
| 09/03/2015 | | COMPLAINT ISSUED | | Burns |
| 09/03/2015 | | ARRAIGNMENT SCHEDULED FOR | | |
| 09/03/2015 | | PROBATION INTAKE FORM PRINTED | | Burns |
| 09/03/2015 | | SUMMONS ISSUED FOR DEFENDANT | | Burns |
| 10/29/2015 | | Event Resulted<br>The following event: Arraignment scheduled for 10/29/2015 08:30 AM has been resulted as follows:<br>Result: Held-Arraignment/58A Hearing | | Ziemian |
| 10/29/2015 | | Case disposed after hearing.<br>as of 10/29/2015 | | |
| 10/29/2015 | | Charges Disposed:<br>Charge #2 EMERGENCY VEHICLE, WILFULLY OBSTRUCT c89 §7<br>    Date: 10/29/2015<br>    Method: Hearing<br>    Code: Not Responsible<br>    Judge: Ziemian, Hon. Robert P | | |
| 10/29/2015 | | Event Resulted<br>The following event: Continued For Payment and Dismissal Until scheduled for 10/29/2015 09:00 AM has been resulted as follows:<br>Result: Held - No future event | | Bernard |
| 01/21/2016 | | Charge # 1  UNLICENSED OPERATION OF MV c90 §10<br>    Date: 10/29/2015<br>    Code: Dismissed<br>    Judge: Bernard, Hon. Julie J | | |
| 01/21/2016 | | All charges disposed - Court ordered fees paid in full | | Bernard |



A TRUE COPY ATTEST

| Printed:  05/14/2018  8:32 am | Case No:  1515CR005001 | Page:  2 |
|---|---|---|

Exh.  3 – Adm.

000006

Uploaded on:  04/16/2025 at 09:39:45 AM (Eastern Daylight Time)   Base City:  CHE



**BROCKTON DISTRICT COURT**
**Public Docket Report**

**1815CR001443** Commonwealth  vs. Mayancela, Jose Esteban

| | | |
|---|---|---|
| **CASE TYPE:** | Criminal | |
| **ACTION CODE:** | 90/10/A-2 | **FILE DATE:** 03/23/2018 |
| **DESCRIPTION:** | UNLICENSED OPERATION OF MV c90 §10 | **CASE TRACK:** |
| **CASE DISPOSITION DATE** 03/23/2018 | | |
| **CASE DISPOSITION:** | Dismissed | **CASE STATUS :** Closed |
| **CASE JUDGE:** | | **STATUS DATE :** 03/23/2018 |
| | | **CASE SESSION:** |

## LINKED CASE

## PARTIES

**Defendant**
Mayancela, Jose Esteban
544 N. Main St
Brockton, MA 02301

## PARTY CHARGES

| # | Offense Date/ Charge | Code | Town | Disposition | Disposition Date |
|---|---|---|---|---|---|
| 1 | 03/22/2018 UNLICENSED OPERATION OF MV c90 §10 | 90/10/A-2 | Brockton | | |
| 2 | 03/22/2018 MARKED LANES VIOLATION * c89 §4A | 89/4A-0 | Brockton | Dismissed | 03/23/2018 |
| | | | | Not Responsible | 03/23/2018 |

## EVENTS

| Date | Session | Event | Result | Resulting Judge |
|---|---|---|---|---|
| 03/23/2018 | Arraignment Session -- Room 1 | Arraignment | Held - ARR completed-Dismissed-To be Dismissed | Bernard |

## FINANCIAL SUMMARY

| | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| | **Total** | 100.00 | 100.00 | 0.00 | 0.00 |

| Deposit Account(s) Summary | | Received | Applied | Checks Paid | Balance |
|---|---|---|---|---|---|
| | **Total** | | | | |

A TRUE COPY ATTEST

CLERK MAGISTRATE

Printed: 05/14/2018  8:34 am      Case No:  1815CR001443      Page: 1

Exh. 3 - Adm.

000007

Uploaded on:  04/16/2025 at 09:39:45 AM (Eastern Daylight Time)   Base City:  CHE



**BROCKTON DISTRICT COURT**
**Public Docket Report**

| | INFORMATIONAL DOCKET ENTRIES | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 03/23/2018 | | Complaint issued upon new arrest. | |
| 03/23/2018 | | Event Resulted<br>Judge: Bernard, Hon. Julie J<br>The following event: Arraignment scheduled for 03/23/2018 08:00 AM has been resulted as follows:<br>Result: Held - ARR completed-Dismissed-To be Dismissed | Bernard |
| 03/23/2018 | | Court orders charges to be dismissed upon payment of court fees or completion of community service<br>Judge: Bernard, Hon. Julie J | Bernard |
| 03/23/2018 | | Charges Disposed::<br>Charge # 1 UNLICENSED OPERATION OF MV c90 §10<br>    On: 03/23/2018    Judge: Hon. Julie J Bernard<br>    Dismissed<br><br>Charge # 2 MARKED LANES VIOLATION * c89 §4A<br>    On: 03/23/2018    Judge: Hon. Julie J Bernard<br>    Not Responsible | |
| 03/23/2018 | | All charges disposed - Court ordered fees paid in full<br><br>Judge: Bernard, Hon. Julie J | Bernard |



A TRUE COPY ATTEST
CLERK OF SAID COURT

| Printed:  05/14/2018   8:34 am | Case No:  1815CR001443 | Page:  2 |
|---|---|---|

Exh. 3 - Adm.

000008

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

**Kevin MacMurray, Esq.**                                                                **DETAINED**
**EOIR # IF640095**
**MacMurray & Associates**
**Two Center Plaza, suite 605**
**Boston, MA 02108**
**217 Broadway, suite 711**
**New York, NY 10007**

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## CHELMSFORD, MASSACHUSETTS

| | |
|---|---|
| **In the Matter of** ) | |
| ) | |
| **Jose Esteban Mayancela Mayancela** ) | File No.: **A#216-504-398** |
| *Respondent* ) | |
| **In Removal Proceedings** ) | |

## RESPONDENT'S DOCUMENTATION IN SUPPORT OF MOTION FOR BOND

### Current Detention Facility: Plymouth County Correctional Facility

EOIR – 1 of 31

Exh. 2 – Adm.

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

|  |  |
|---|---|
| **In the Matter of** | ) |
| | ) |
| | ) |
| **Jose Esteban Mayancela Mayancela** | )    File No.: **A#216-504-398** |
| *Respondent* | ) |
| **In Removal Proceedings** | ) |
| | ) |

**TABLE OF CONTENTS**

**EXHIBIT**                                                                             **PAGES**

A. Letters in Support of Respondent's Motion for Bond.............................................1
    a. *Letter from Johana Cecibel Llanos Gonzalez and Certified English Translation*
    b. *Letter from Marian del Rocio Llanos Gonzalez and Certified English Translation*
    c. *Letter from Fernando Napoleon Mayancela Mayancela and Certified English Translation*
    d. *Letter from David H. Veilleux*

B. Documents Relating to Respondent's Worker's Compensation Claim.................................11

C. Respondent's 2023 Tax Documents....................................................................13

D. Certificate of Service.............................................................................25

EOIR – 2 of 31

Exh. 2 – Adm.

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE



April 3, 2025
Warm greetings,

I, Johana Cecibel Llanos Gonzalez, ID No.: _____ want to recommend Esteban Jose Mayancela Mayancela, a person of good character and impeccable conduct. Who has shown to be a person of integrity, responsible and educated.
I've known Esteban Jose Mayancela Mayancela for more than 4 years, since then I can state of his good conduct for this reason I can surely recommend him.
He has shown to be a good father to his daughter, he has always been attentive to her needs so that she lacks nothing.

I can guarantee that he is a good father.

[Sincerely]

;

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

Brockton    03 de Abril del 2025

Reciba un cordial saludo, yo Johana Gecibel Llanos González Id SA 6411840 quiero recomendarle a Esteban Jose Mayancela Mayancela una persona de buena procedencia y de conducta intachable. Quien a mostrado ser responsable integro y educado.

Conozco a Esteban Jose Mayancela Mayancela desde hace mas de 4 años desde alli puedo dar constancia de su buena conducta, por lo cual puedo recomendarlo con total seguridad.

El ha demostrado ser un buen padre para su hija, el siempre ha estado pendiente de las necesidades de ella para que no le falte nada.

Puedo garantizar que es un buen amigo y padre.

Firma:
Johana Llanos

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

## Certificate of Translation

I, Juliana Mira Arango, am competent to translate from Spanish into English and certify that the translation of the _____ is true and accurate to the best of my abilities.

_____
*(signature of translator)*

Juliana Mira Arango
*(typed/printed name of translator)*

Two Center Plaza, Suite 605, Boston, MA, 02108
*(address of translator)*

617-742-8161
*(telephone number of translator)*

**Commonwealth of Massachusetts**
**County of Suffolk**

On this ⟨April 15, 2025⟩ before me, the undersigned notary public, personally appeared Juliana Mira Arango , proved to me through satisfactory evidence of identification, which was the MA Drivers License, to be the person who signed the preceding or attached document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.

_____
Signature of Notary Public :
Name of Notary Public:
Commission Expires:



PRINCELL RACHEL FELIZ FRANCO
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
November 29, 2030

Exh. 2 - Adm.

*3*

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

I, Marian del Rocio Llanos González

I'm writing to you to highly recommend my spouse Esteban Jose Mayancela Mayancela for two years both in his personal life and as a husband and I can affirm without doubt that he is an excellent person with character and personal qualities. Since we met Esteban Jose Mayancela Mayancel a has shown to be a responsible, honest and hardworking person. He has always shown compromise with his daughter, and never had any problems with people.

Sincerely, [Signature]

4

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

Yo Marián del Rocío Llanos   González

Me dirijo a ustedes para recomendar encarecidamente a mi marido
Esteban José Mayancela Mayancela en tenido el privilegio de
conocer a Esteban José Mayancela Mayancela durante 2 años tanto en su
capacidad de marido como en su vida personal, y puedo afirmar sin
dudarlo que es una persona excelente carácter y cualidades personales.
Desde el momento que nos conocemos, Esteban José Mayancela Mayancela
ha demostrado ser una persona responsable, honesta y trabajador.
Siempre ha demostrado un fuerte compromiso con su higa, nunca ha
tenido problemas con ninguna persona.

Atentamente

Marián Llanos

5

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

## Certificate of Translation

I, Juliana Mira Arango, am competent to translate from Spanish into English and certify that the translation of the _letter of support_ is true and accurate to the best of my abilities.

_(signature of translator)_                 Juliana Mira Arango
                                            _(typed/printed name of translator)_

Two Center Plaza, Suite 605, Boston, MA, 02108
_(address of translator)_

617-742-8161
_(telephone number of translator)_

### Commonwealth of Massachusetts
### County of Suffolk

On this _April 15 2025_ before me, the undersigned notary public, personally appeared Juliana Mira Arango , proved to me through satisfactory evidence of identification, which was the MA Drivers License, to be the person who signed the preceding or attached document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.

Signature of Notary Public :
Name of Notary Public:
Commission Expires:



PRINCELL RACHEL FELIZ FRANCO
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
November 29, 2030

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

FERNANDO N MAYANCELA

157 PROSPECT ST BROCKTON

MA 02301        508 313 6438

ABRIL 15 2025

Espero que esta carta te encuentre bien . le escribo para soliciutar respetuosamente su consideracion en el caso de mi hermano JOSE ESTEBAN MAYANCELA MAYANCELA. Y he conocido a  JOSE ESTEBAN M durante toda mi vida ya que el es mi hermano mas sercano a mi. durante este tiempo que cresimos juntos nuestra nines y nuestra adolercencia considero conocerlo bien como un individuo dedicado,trabajador y honrado que ha contribuido positivamente a la sociedad .

Cuando llegamos en este pais lo que mas hemos echo es trabajar hongradamente y de la forma mas respetuoso y trabajando con responsabilidad para no tener ningun problema con los leyes legales de  este pais extrangero

Pero en estos ultimos meces y todo el Ano 2024 mi hermano JOSE no pudo trabajar por que estaba pasando unos momentos muy delicados con su salud ya que en los primeros meces del Ano 2024 tubo un Accidente en el haria de trabajo Fracturandose algunos partes de su cuerpo y desde alli tiene su salud muy delicado y necesita estar siempre atendido por sus Doctores

Gracias por su tiempo y atencion a este asunto. No dude en ponerse en contacto conmigo si necesita mas imformacion


Fernando Napoleon Mayancela Mayancela

7

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

April 15, 2025

I hope this letter finds you well. I am writing to respectfully request consideration in the case of my brother Jose Esteban Mayancela Mayancela. I have known Jose Esteban M through my whole life since he is my closest brother. We grew up through all our childhood and teenagehood together. I consider knowing him as a dedicated, hardworking, and honest individual who has contributed positively to society.

Since we arrived in this country, what we did most was work honestly and respectfully, working responsibly to avoid any problems with the laws of this foreign country.

However, in recent months and throughout 2024, my brother José was unable to work because he was going through very difficult times with his health. In the first few months of 2024, he had an accident at work, fracturing several parts of his body. Since then, his health has been very delicate and he needs to be constantly cared for by his doctors.

Thank you for your time and attention to this matter. Do not hesitate to contact me if you need more information.

*8*

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

## <u>Certificate of Translation</u>

I, Juliana Mira Arango, am competent to translate from Spanish into English and certify that the translation of the _letter of support_ is true and accurate to the best of my abilities.

_(signature of translator)_         <u>Juliana Mira Arango</u>
       _(typed/printed name of translator)_

<u>Two Center Plaza, Suite 605, Boston, MA, 02108</u>
_(address of translator)_

<u>617-742-8161</u>
_(telephone number of translator)_

### Commonwealth of Massachusetts
### County of Suffolk

On this _April 15, 2025_ before me, the undersigned notary public, personally appeared Juliana Mira Arango , proved to me through satisfactory evidence of identification, which was the MA Drivers License, to be the person who signed the preceding or attached document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.

Signature of Notary Public :
Name of Notary Public:
Commission Expires:



PRINCELL RACHEL FELIZ FRANCO
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
November 29, 2030

9

4/15/25, 2:51 PM    Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City.  LOS Oreg CHE

To whom it may concern;

I, David H. Veilleux of Waterville, Maine feel compelled to submit the following information about Stevinto Mayancela to you for your consideration and records.

Stevinto a hard working and honest young man has performed several repairs for me over the past 9 months. He has always been very punctual, hardworking, true to his word, and honest.

Earlier this week "ICE" agents arrested him void of any opportunity for Stevinto to prove himself as a legal immigrant working in the USA under a work visa. Stevinto was then taken into custody, no due process mind you, and sent to a correctional facility in Massachusetts beyond his pleading with the ICE agents to please allow him to garner his papers from his vehicle, only feet away from where he was arrested, to prove his innocence.

 This young, law abiding, taxpaying individual deserves better. Shame on our system for failing him! We were all lead to believe, ICE's mission was to locate and arrest criminals, NOT tax paying legal immigrants with government issued social security numbers.

Please reconsider Stevinto's case and release him on his own recognizance. If that is not possible, please allow me to act as his sponsor and I will take responsibility for Stevinto.

Thank you for your time and consideration.

Best,

David H Veilleux

Exh. 2 – Adm
https://drive.google.com/drive/folders/1dtpvuKZ0dkHulin_2wp7dmDxqEzp0X68?dmr=1&ec=wgc-drive-hero-goto

10 1/1

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE



Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE



**BROOKS**
L A W

10 High Street, Suite 3
Medford, MA 02155
Tel: (617) 245-8090
Fax: (617) 245-8088
www.brookslawfirm.com

April 14, 2025

**RE:**   Employee:    Jose Esteban Mayancela
            Employer:    PRO REFORMS INC
            Insurer:      NORGUARD INSURANCE COMPANY
            DOI:          11/30/2023

To Whom It May Concern,

I represent Mr. Jose Esteban Mayancela in connection with his workers' compensation claim, which is currently in active litigation and awaiting a hearing before the Department of Industrial Accidents.

At this time, the parties are engaged in settlement discussions. However, it is critical that Mr. Mayancela remains available to fully participate in these proceedings. Workers' compensation hearings are conducted in person, and Mr. Mayancela may be required to appear before the administrative judge. Additionally, should the parties reach a resolution prior to the scheduled hearing, Mr. Mayancela's presence will be necessary at my office in order to complete the appropriate documentation and execute the necessary paperwork.

Please do not hesitate to contact me with any questions.

Sincerely,

**/s/ Vitoria Guimaraes, Esq.**

Vitoria Guimaraes, Esq.
vitoria@brookslawfirm.com
(617) 245-8090

EOIR - 15 of 31

Exh. 2 - Adm.

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE
29/7/24, 10:18 p.m.                                    Form114

Print

# Form 114 Notice of Change/Appearance of Counsel

Clear All

Submit Status

**This form has been submitted. The transmittal id is 1239572. The following message was returned by the submit process "SUCCESS" To print this form use the browser's print button**

Insurer Selected

NORGUARD INSURANCE COMPANY
39 PUBLIC SQUARE
PO BOX AH
WILKES BARRE, PA 18703
**Board#: 3097323**
**Date of Injury: 11/30/2023**
**Self-Insured: N**

Insurer's Attorney (Current)

CREAR & CHADWELL & DOS SANTOS PC
JAMES D CHADWELL ESQ
ONE MONARCH PLACE
SUITE 310
SPRINGFIELD, MA 01144
Phone:413-747-5440

Employee Selected

MAYANCELA, JOSE
157 PROSPECT ST
BROCKTON, MA 02301
**SSN:**
**Date of Birth: **/**/1993**

Employee's Attorney (Current)

BROOKS LAW
KELSEY L GODIN ESQ
10 HIGH STREET
SUITE 3
MEDFORD, MA 02155
Phone:617-245-8090

Employer Selected

PRO REFORMS INC
226 RIVER RD
AGAWAM, MA 01001

## Form 114 Notice of Change/Appearance of Counsel - Additional Information Needed to Submit

Requesting Party

BROOKS LAW
VITORIA A
GUIMARAES ARAUJO
ESQ
10 HIGH STREET
SUITE 3
MEDFORD, MA 02155
Phone:617-245-8090

**\* Please enter my appearance for:** ◉ Employee ○ Insurer ○ Employer

Preparer Information

**\* Preparer's Email** VITORIA@BROOKSLAWFIRM.COM

**\* Preparer's Name** VITORIA A GUIMARAES ARAUJO ESQ   **\* Prepared Date** 07/30/2024

Copyright © 2004, All rights reserved.

https://cms.dia.eol.mass.gov/pls/cms/f?p=999:114:16378892780653::NO:::
Exh. 2 - Adm.

EOIR - 16 of 31



Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE



Exh. 2 - Adm.

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time) Base City: CHE

**Form 1040** Department of the Treasury—Internal Revenue Service
**U.S. Individual Income Tax Return** **2023** OMB No. 1545-0074 IRS Use Only—Do not write or staple in this space.

| For the year Jan. 1–Dec. 31, 2023, or other tax year beginning | , 2023, ending | , 20 | See separate instructions. |
|---|---|---|---|

| Your first name and middle initial | Last name | Your social security number |
|---|---|---|
| JOSE E | MAYANCELA MAYANCELA | 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 |

| If joint return, spouse's first name and middle initial | Last name | Spouse's social security number |
|---|---|---|

Home address (number and street). If you have a P.O. box, see instructions. — Apt. no. **1**
11 DIVISION ST

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to go to this fund. Checking a box below will not change your tax or refund. ☐ You ☐ Spouse

| City, town, or post office. If you have a foreign address, also complete spaces below. | State | ZIP code |
|---|---|---|
| BROCKTON | MA | 02301 |

| Foreign country name | Foreign province/state/county | Foreign postal code |
|---|---|---|

**Filing Status**
Check only one box.
☒ Single
☐ Married filing jointly (even if only one had income)
☐ Married filing separately (MFS)
☐ Head of household (HOH)
☐ Qualifying surviving spouse (QSS)
If you checked the MFS box, enter the name of your spouse. If you checked the HOH or QSS box, enter the child's name if the qualifying person is a child but not your dependent:

**Digital Assets** At any time during 2023, did you: (a) receive (as a reward, award, or payment for property or services); or (b) sell, exchange, or otherwise dispose of a digital asset (or a financial interest in a digital asset)? (See instructions.) ☐ Yes ☒ No

**Standard Deduction** Someone can claim: ☐ You as a dependent ☐ Your spouse as a dependent
☐ Spouse itemizes on a separate return or you were a dual-status alien

**Age/Blindness** You: ☐ Were born before January 2, 1959 ☐ Are blind Spouse: ☐ Was born before January 2, 1959 ☐ Is blind

**Dependents** (see instructions):
If more than four dependents, see instructions and check here ☐

| (1) First name   Last name | (2) Social security number | (3) Relationship to you | (4) Check the box if qualifies for (see instructions): |  |
|---|---|---|---|---|
|  |  |  | Child tax credit | Credit for other dependents |
|  |  |  | ☐ | ☐ |
|  |  |  | ☐ | ☐ |
|  |  |  | ☐ | ☐ |
|  |  |  | ☐ | ☐ |

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a Form W-2, see instructions.

Attach Sch. B if required.

**Standard Deduction for—**
- Single or Married filing separately, $13,850
- Married filing jointly or Qualifying surviving spouse, $27,700
- Head of household, $20,800
- If you checked any box under Standard Deduction, see instructions.

| | | |
|---|---|---|
| 1a | Total amount from Form(s) W-2, box 1 (see instructions) | **1a** |
| b | Household employee wages not reported on Form(s) W-2 | **1b** |
| c | Tip income not reported on line 1a (see instructions) | **1c** |
| d | Medicaid waiver payments not reported on Form(s) W-2 (see instructions) | **1d** |
| e | Taxable dependent care benefits from Form 2441, line 26 | **1e** |
| f | Employer-provided adoption benefits from Form 8839, line 29 | **1f** |
| g | Wages from Form 8919, line 6 | **1g** |
| h | Other earned income (see instructions) | **1h** |
| i | Nontaxable combat pay election (see instructions) . . 1i | |
| z | Add lines 1a through 1h | **1z** |
| 2a | Tax-exempt interest . . **2a** | b Taxable interest | **2b** |
| 3a | Qualified dividends . . **3a** | b Ordinary dividends | **3b** |
| 4a | IRA distributions . . . **4a** | b Taxable amount | **4b** |
| 5a | Pensions and annuities . **5a** | b Taxable amount | **5b** |
| 6a | Social security benefits . **6a** | b Taxable amount | **6b** |
| c | If you elect to use the lump-sum election method, check here (see instructions) . . . ☐ | |
| 7 | Capital gain or (loss). Attach Schedule D if required. If not required, check here . . . ☐ | **7** |
| 8 | Additional income from Schedule 1, line 10 | **8** | 590 |
| 9 | Add lines 1z, 2b, 3b, 4b, 5b, 6b, 7, and 8. This is your **total income** | **9** | 590 |
| 10 | Adjustments to income from Schedule 1, line 26 | **10** | 42 |
| 11 | Subtract line 10 from line 9. This is your **adjusted gross income** | **11** | 548 |
| 12 | Standard deduction or itemized deductions (from Schedule A) | **12** | 13850 |
| 13 | Qualified business income deduction from Form 8995 or Form 8995-A | **13** | |
| 14 | Add lines 12 and 13 | **14** | 13850 |
| 15 | Subtract line 14 from line 11. If zero or less, enter -0-. This is your **taxable income** | **15** | 0 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.

QNA

Form **1040** (2023)

Exh. 2 - Adm.

13

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

MAYANCELA MAYANCELA                                                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

Form 1040 (2023)                                                            Page **2**

| | | | | | |
|---|---|---|---|---|---|
| **Tax and Credits** | 16 | Tax (see instructions). Check if any from Form(s): 1 ☐ 8814  2 ☐ 4972  3 ☐ _____ | | 16 | |
| | 17 | Amount from Schedule 2, line 3 | | 17 | |
| | 18 | Add lines 16 and 17 | | 18 | |
| | 19 | Child tax credit or credit for other dependents from Schedule 8812 | | 19 | |
| | 20 | Amount from Schedule 3, line 8 | | 20 | |
| | 21 | Add lines 19 and 20 | | 21 | |
| | 22 | Subtract line 21 from line 18. If zero or less, enter -0- | | 22 | 0 |
| | 23 | Other taxes, including self-employment tax, from Schedule 2, line 21 | | 23 | 84 |
| | 24 | Add lines 22 and 23. This is your **total tax** | | 24 | 84 |
| **Payments** | 25 | Federal income tax withheld from: | | | |
| | a | Form(s) W-2 | 25a | | |
| | b | Form(s) 1099 | 25b | | |
| | c | Other forms (see instructions) | 25c | | |
| | d | Add lines 25a through 25c | | 25d | |
| *If you have a qualifying child, attach Sch. EIC.* | 26 | 2023 estimated tax payments and amount applied from 2022 return | | 26 | |
| | 27 | Earned income credit (EIC) | 27 | 40 | |
| | 28 | Additional child tax credit from Schedule 8812 | 28 | | |
| | 29 | American opportunity credit from Form 8863, line 8 | 29 | | |
| | 30 | Reserved for future use | 30 | | |
| | 31 | Amount from Schedule 3, line 15 | 31 | | |
| | 32 | Add lines 27, 28, 29, and 31. These are your **total other payments and refundable credits** | | 32 | 40 |
| | 33 | Add lines 25d, 26, and 32. These are your **total payments** | | 33 | 40 |
| **Refund** | 34 | If line 33 is more than line 24, subtract line 24 from line 33. This is the amount you **overpaid** | | 34 | |
| | 35a | Amount of line 34 you want **refunded to you.** If Form 8888 is attached, check here ☐ | | 35a | |
| *Direct deposit? See instructions.* | b | Routing number X X X X X X X X X   c Type: ☐ Checking  ☐ Savings | | | |
| | d | Account number X X X X X X X X X X X X X X X X X | | | |
| | 36 | Amount of line 34 you want **applied to your 2024 estimated tax** | 36 | | |
| **Amount You Owe** | 37 | Subtract line 33 from line 24. This is the **amount you owe.**  For details on how to pay, go to *www.irs.gov/Payments* or see instructions | | 37 | 44 |
| | 38 | Estimated tax penalty (see instructions) | 38 | | |

| **Third Party Designee** | Do you want to allow another person to discuss this return with the IRS? See instructions | | ☑ **Yes. Complete below.** | ☐ **No** |
|---|---|---|---|---|
| | Designee's name  FRANCISCO MONSERRATE FRANCO | Phone no. 774-381-8317 | Personal identification number (PIN) | 4 6 0 2 8 |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your signature | Date 04/14/24 | Your occupation CARPENTER | If the IRS sent you an Identity Protection PIN, enter it here (see inst.) | | | | | | |
|---|---|---|---|---|---|---|---|---|---|

*Joint return? See instructions. Keep a copy for your records.*

| Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | If the IRS sent your spouse an Identity Protection PIN, enter it here (see inst.) | | | | | | |
|---|---|---|---|---|---|---|---|---|---|

Phone no. (508) 818-6371   Email address JEMAYANCELAM@GMAIL.COM

| **Paid Preparer Use Only** | Preparer's name FRANCISCO MONSERRATE FRANCO | Preparer's signature | Date 04/14/24 | PTIN P02346028 | Check if: ☐ Self-employed |
|---|---|---|---|---|---|
| | Firm's name  FAST TAX | | | | Phone no. 774-381-8317 |
| | Firm's address  85 KATHLEEN RD BROCKTON MA 02302 | | | | Firm's EIN 88-2098465 |

Go to *www.irs.gov/Form1040* for instructions and the latest information.                    Form **1040** (2023)

QNA

14

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

| SCHEDULE 1 (Form 1040) | **Additional Income and Adjustments to Income** | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | Attach to Form 1040, 1040-SR, or 1040-NR. Go to *www.irs.gov/Form1040* for instructions and the latest information. | **2023** Attachment Sequence No. **01** |

| Name(s) shown on Form 1040, 1040-SR, or 1040-NR. JOSE MAYANCELA MAYANCELA | Your social security number 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 |
|---|---|

**Part I    Additional Income**

| 1 | Taxable refunds, credits, or offsets of state and local income taxes . . . . . . . . . | **1** | |
|---|---|---|---|
| 2a | Alimony received . . . . . . . . . . . . . . . . . . . . | **2a** | |
| b | Date of original divorce or separation agreement (see instructions): _____ | | |
| 3 | Business income or (loss). Attach Schedule C . . . . . . . . . . . . . | **3** | 590 |
| 4 | Other gains or (losses). Attach Form 4797 . . . . . . . . . . . . . . | **4** | |
| 5 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E . | **5** | |
| 6 | Farm income or (loss). Attach Schedule F . . . . . . . . . . . . . . | **6** | |
| 7 | Unemployment compensation . . . . . . . . . . . . . . . . . | **7** | |
| 8 | Other income: | | |
| a | Net operating loss . . . . . . . . . . . | **8a** ( | ) |
| b | Gambling . . . . . . . . . . . . . . | **8b** | |
| c | Cancellation of debt . . . . . . . . . . | **8c** | |
| d | Foreign earned income exclusion from Form 2555 . . . . . | **8d** ( | ) |
| e | Income from Form 8853 . . . . . . . . . | **8e** | |
| f | Income from Form 8889 . . . . . . . . . | **8f** | |
| g | Alaska Permanent Fund dividends . . . . . . | **8g** | |
| h | Jury duty pay . . . . . . . . . . . . | **8h** | |
| i | Prizes and awards . . . . . . . . . . . | **8i** | |
| j | Activity not engaged in for profit income . . . . . | **8j** | |
| k | Stock options . . . . . . . . . . . . | **8k** | |
| l | Income from the rental of personal property if you engaged in the rental for profit but were not in the business of renting such property . . . | **8l** | |
| m | Olympic and Paralympic medals and USOC prize money (see instructions) . . . . . . . . . . | **8m** | |
| n | Section 951(a) inclusion (see instructions) . . . . . . | **8n** | |
| o | Section 951A(a) inclusion (see instructions) . . . . . . | **8o** | |
| p | Section 461(l) excess business loss adjustment . . . . . | **8p** | |
| q | Taxable distributions from an ABLE account (see instructions) . . | **8q** | |
| r | Scholarship and fellowship grants not reported on Form W-2 . . | **8r** | |
| s | Nontaxable amount of Medicaid waiver payments included on Form 1040, line 1a or 1d . . . . . . . . | **8s** ( | ) |
| t | Pension or annuity from a nonqualified deferred compensation plan or a nongovernmental section 457 plan . . . . . . . | **8t** | |
| u | Wages earned while incarcerated . . . . . . . . . | **8u** | |
| z | Other income. List type and amount: _____ | **8z** | |
| 9 | Total other income. Add lines 8a through 8z . . . . . . . . . . . . | **9** | |
| 10 | Combine lines 1 through 7 and 9. This is your **additional income**. Enter here and on Form 1040, 1040-SR, or 1040-NR, line 8 . . . . . . . . . . . . . | **10** | 590 |

For Paperwork Reduction Act Notice, see your tax return instructions.                                    Schedule 1 (Form 1040) 2023
QNA

*15*

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

JOSE MAYANCELA MAYANCELA                                      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

Schedule 1 (Form 1040) 2023                                                    Page **2**

## Part II  Adjustments to Income

| | | | |
|---|---|---|---:|
| 11 | Educator expenses . . . . . . . . . . . . . . . . . . . . . . | **11** | |
| 12 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 | **12** | |
| 13 | Health savings account deduction. Attach Form 8889 . . . . . . . . . . | **13** | |
| 14 | Moving expenses for members of the Armed Forces. Attach Form 3903 . . . . | **14** | |
| 15 | Deductible part of self-employment tax. Attach Schedule SE . . . . . . . . . | **15** | 42 |
| 16 | Self-employed SEP, SIMPLE, and qualified plans . . . . . . . . . . . | **16** | |
| 17 | Self-employed health insurance deduction . . . . . . . . . . . . . | **17** | |
| 18 | Penalty on early withdrawal of savings . . . . . . . . . . . . . . | **18** | |
| 19a | Alimony paid . . . . . . . . . . . . . . . . . . . . . . . | **19a** | |
| b | Recipient's SSN . . . . . . . . . . . . . . . . . . . . . | | |
| c | Date of original divorce or separation agreement (see instructions): _____ | | |
| 20 | IRA deduction . . . . . . . . . . . . . . . . . . . . . . | **20** | |
| 21 | Student loan interest deduction . . . . . . . . . . . . . . . . | **21** | |
| 22 | Reserved for future use . . . . . . . . . . . . . . . . . . . | **22** | |
| 23 | Archer MSA deduction  . . . . . . . . . . . . . . . . . . . | **23** | |
| 24 | Other adjustments: | | |
| a | Jury duty pay (see instructions) . . . . . . . . . . . | 24a | |
| b | Deductible expenses related to income reported on line 8l from the rental of personal property engaged in for profit . . . . . . . . | 24b | |
| c | Nontaxable amount of the value of Olympic and Paralympic medals and USOC prize money reported on line 8m . . . . . . . | 24c | |
| d | Reforestation amortization and expenses . . . . . . . . . | 24d | |
| e | Repayment of supplemental unemployment benefits under the Trade Act of 1974 . . . . . . . . . . . . . . . . . | 24e | |
| f | Contributions to section 501(c)(18)(D) pension plans . . . . . . | 24f | |
| g | Contributions by certain chaplains to section 403(b) plans . . . . | 24g | |
| h | Attorney fees and court costs for actions involving certain unlawful discrimination claims (see instructions) . . . . . . . . . | 24h | |
| i | Attorney fees and court costs you paid in connection with an award from the IRS for information you provided that helped the IRS detect tax law violations . . . . . . . . . . . . . . . | 24i | |
| j | Housing deduction from Form 2555 . . . . . . . . . . | 24j | |
| k | Excess deductions of section 67(e) expenses from Schedule K-1 (Form 1041) . . . . . . . . . . . . . . . . . . | 24k | |
| z | Other adjustments. List type and amount: _____ _____ | 24z | |
| 25 | Total other adjustments. Add lines 24a through 24z . . . . . . . . . . | **25** | |
| 26 | Add lines 11 through 23 and 25. These are your **adjustments to income**. Enter here and on Form 1040, 1040-SR, or 1040-NR, line 10 . . . . . . . . . . . . . | **26** | 42 |

QNA                                                    Schedule 1 (Form 1040) 2023

16

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

**SCHEDULE 2**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service

**Additional Taxes**

Attach to Form 1040, 1040-SR, or 1040-NR.
Go to *www.irs.gov/Form1040* for instructions and the latest information.

OMB No. 1545-0074

**2023**

Attachment
Sequence No. **02**

Name(s) shown on Form 1040, 1040-SR, or 1040-NR.
JOSE MAYANCELA MAYANCELA

Your social security number
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

**Part I    Tax**

| | | | |
|---|---|---|---|
| 1 | Alternative minimum tax. Attach Form 6251 . . . . . . . . . . . . . . . | 1 | |
| 2 | Excess advance premium tax credit repayment. Attach Form 8962 . . . . . . . | 2 | |
| 3 | Add lines 1 and 2. Enter here and on Form 1040, 1040-SR, or 1040-NR, line 17 . . | 3 | |

**Part II    Other Taxes**

| | | | | |
|---|---|---|---|---|
| 4 | Self-employment tax. Attach Schedule SE . . . . . . . . . . . . . | | 4 | 84 |
| 5 | Social security and Medicare tax on unreported tip income. Attach Form 4137 . . . . . . . . . . . . . . . . . . . | 5 | | |
| 6 | Uncollected social security and Medicare tax on wages. Attach Form 8919 . . . . . . . . . . . . . . . . . . . . . | 6 | | |
| 7 | Total additional social security and Medicare tax. Add lines 5 and 6 . . . . . | | 7 | |
| 8 | Additional tax on IRAs or other tax-favored accounts. Attach Form 5329 if required. If not required, check here . . . . . . . . . . . . . . . . . . . ☐ | | 8 | |
| 9 | Household employment taxes. Attach Schedule H . . . . . . . . . . . | | 9 | |
| 10 | Repayment of first-time homebuyer credit. Attach Form 5405 if required . . . . . | | 10 | |
| 11 | Additional Medicare Tax. Attach Form 8959 . . . . . . . . . . . . | | 11 | |
| 12 | Net investment income tax. Attach Form 8960 . . . . . . . . . . . . | | 12 | |
| 13 | Uncollected social security and Medicare or RRTA tax on tips or group-term life insurance from Form W-2, box 12 . . . . . . . . . . . . . . . . . | | 13 | |
| 14 | Interest on tax due on installment income from the sale of certain residential lots and timeshares . . . . . . . . . . . . . . . . . . . . . . . | | 14 | |
| 15 | Interest on the deferred tax on gain from certain installment sales with a sales price over $150,000 . . . . . . . . . . . . . . . . . . . . . . . | | 15 | |
| 16 | Recapture of low-income housing credit. Attach Form 8611 . . . . . . . . . | | 16 | |

*(continued on page 2)*

For Paperwork Reduction Act Notice, see your tax return instructions.

Schedule 2 (Form 1040) 2023

QNA

17

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

JOSE MAYANCELA MAYANCELA                                            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
Schedule 2 (Form 1040) 2023                                                    Page 2

## Part II  Other Taxes *(continued)*

**17**  Other additional taxes:

**a**  Recapture of other credits. List type, form number, and amount:

_____  **17a**

**b**  Recapture of federal mortgage subsidy, if you sold your home see instructions . . . . . . . . . . . . . .  **17b**

**c**  Additional tax on HSA distributions. Attach Form 8889 . . . .  **17c**

**d**  Additional tax on an HSA because you didn't remain an eligible individual. Attach Form 8889 . . . . . . . . . .  **17d**

**e**  Additional tax on Archer MSA distributions. Attach Form 8853 .  **17e**

**f**  Additional tax on Medicare Advantage MSA distributions. Attach Form 8853  **17f**

**g**  Recapture of a charitable contribution deduction related to a fractional interest in tangible personal property . . . . .  **17g**

**h**  Income you received from a nonqualified deferred compensation plan that fails to meet the requirements of section 409A . .  **17h**

**i**  Compensation you received from a nonqualified deferred compensation plan described in section 457A . . . . . .  **17i**

**j**  Section 72(m)(5) excess benefits tax . . . . . . . . .  **17j**

**k**  Golden parachute payments . . . . . . . . . . . .  **17k**

**l**  Tax on accumulation distribution of trusts . . . . . . . .  **17l**

**m**  Excise tax on insider stock compensation from an expatriated corporation . . . . . . . . . . . . . . . . .  **17m**

**n**  Look-back interest under section 167(g) or 460(b) from Form 8697 or 8866 . . . . . . . . . . . . . . . .  **17n**

**o**  Tax on non-effectively connected income for any part of the year you were a nonresident alien from Form 1040-NR . . . .  **17o**

**p**  Any interest from Form 8621, line 16f, relating to distributions from, and dispositions of, stock of a section 1291 fund . . . .  **17p**

**q**  Any interest from Form 8621, line 24 . . . . . . . . . .  **17q**

**z**  Any other taxes. List type and amount: _____

_____  **17z**

**18**  Total additional taxes. Add lines 17a through 17z . . . . . . . . . . .  **18**

**19**  Reserved for future use . . . . . . . . . . . . . . . . . . . .  **19**

**20**  Section 965 net tax liability installment from Form 965-A .  **20**

**21**  Add lines 4, 7 through 16, and 18. These are your **total other taxes.** Enter here and on Form 1040 or 1040-SR, line 23, or Form 1040-NR, line 23b . . . . . . . . .  **21**                                                                 84

QNA                                                        Schedule 2 (Form 1040) 2023

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

| SCHEDULE C<br>(Form 1040) | **Profit or Loss From Business**<br>(Sole Proprietorship) | OMB No. 1545-0074<br>**2023** |
|---|---|---|
| Department of the Treasury<br>Internal Revenue Service | Attach to Form 1040, 1040-SR, 1040-SS, 1040-NR, or 1041; partnerships must generally file Form 1065.<br>Go to *www.irs.gov/ScheduleC* for instructions and the latest information. | Attachment<br>Sequence No. 09 |

Name of proprietor: JOSE E MAYANCELA MAYANCELA    Link:1

Social security number (SSN): 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

**A** Principal business or profession, including product or service (see instructions)  FINISH CARPENTRY

**B** Enter code from instructions  2 | 3 | 8 | 3 | 5 | 0

**C** Business name. If no separate business name, leave blank.

**D** Employer ID number (EIN) (see instr.)

**E** Business address (including suite or room no.)  11 DIVISION ST
City, town or post office, state, and ZIP code  BROCKTON MA 02301

**F** Accounting method:  (1) ☒ Cash  (2) ☐ Accrual  (3) ☐ Other (specify) _____

**G** Did you "materially participate" in the operation of this business during 2023? If "No," see instructions for limit on losses .  ☒ Yes  ☐ No

**H** If you started or acquired this business during 2023, check here .  ☐

**I** Did you make any payments in 2023 that would require you to file Form(s) 1099? See instructions .  ☐ Yes  ☒ No

**J** If "Yes," did you or will you file required Form(s) 1099? .  ☐ Yes  ☐ No

### Part I  Income

| | | |
|---|---|---:|
| 1 | Gross receipts or sales. See instructions for line 1 and check the box if this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked . . . . . . . . . . ☐  **1** | 18750 |
| 2 | Returns and allowances . . . . . . . . . . . . . . . . . . . . . . . . **2** | |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . . . . . . . . . . . . **3** | 18750 |
| 4 | Cost of goods sold (from line 42) . . . . . . . . . . . . . . . . . . . **4** | |
| 5 | Gross profit. Subtract line 4 from line 3 . . . . . . . . . . . . . . . . . . **5** | 18750 |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) . . . **6** | |
| 7 | Gross income. Add lines 5 and 6 . . . . . . . . . . . . . . . . . . . ▶ **7** | 18750 |

### Part II  Expenses. Enter expenses for business use of your home only on line 30.

| | | | | | | |
|---|---|---|---|---|---|---:|
| 8 | Advertising . . . . | **8** | | 18 | Office expense (see instructions) . **18** | |
| 9 | Car and truck expenses (see instructions) . . . | **9** | | 19 | Pension and profit-sharing plans . **19** | |
| 10 | Commissions and fees . | **10** | | 20 | Rent or lease (see instructions): | |
| 11 | Contract labor (see instructions) | **11** | | a | Vehicles, machinery, and equipment **20a** | |
| 12 | Depletion . . . . | **12** | | b | Other business property . . **20b** | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see instructions) . . . . | **13** | | 21 | Repairs and maintenance . . **21** | |
| | | | | 22 | Supplies (not included in Part III) . **22** | 6640 |
| | | | | 23 | Taxes and licenses . . . **23** | |
| | | | | 24 | Travel and meals: | |
| 14 | Employee benefit programs (other than on line 19) . | **14** | | a | Travel . . . . . . **24a** | |
| 15 | Insurance (other than health) | **15** | | b | Deductible meals (see instructions) **24b** | 1920 |
| 16 | Interest (see instructions): | | | 25 | Utilities . . . . . **25** | |
| a | Mortgage (paid to banks, etc.) | **16a** | | 26 | Wages (less employment credits) **26** | |
| b | Other . . . . | **16b** | | 27a | Other expenses (from line 48) . **27a** | 9600 |
| 17 | Legal and professional services | **17** | | b | Energy efficient commercial bldgs deduction (attach Form 7205) . . **27b** | |
| 28 | Total expenses before expenses for business use of home. Add lines 8 through 27b . . . . ▶ **28** | | | | | 18160 |
| 29 | Tentative profit or (loss). Subtract line 28 from line 7 . . . . . . . . . . . . **29** | | | | | 590 |
| 30 | Expenses for business use of your home. Do not report these expenses elsewhere. Attach Form 8829 unless using the simplified method. See instructions.<br>Simplified method filers only: Enter the total square footage of (a) your home: _____<br>and (b) the part of your home used for business: _____ . Use the Simplified Method Worksheet in the instructions to figure the amount to enter on line 30 . . . . . **30** | | | | | |
| 31 | Net profit or (loss). Subtract line 30 from line 29.<br>• If a profit, enter on both Schedule 1 (Form 1040), line 3, and on Schedule SE, line 2. (If you checked the box on line 1, see instructions.) Estates and trusts, enter on Form 1041, line 3.<br>• If a loss, you must go to line 32. | }  **31** | | | | | 590 |
| 32 | If you have a loss, check the box that describes your investment in this activity. See instructions.<br>• If you checked 32a, enter the loss on both Schedule 1 (Form 1040), line 3, and on Schedule SE, line 2. (If you checked the box on line 1, see the line 31 instructions.) Estates and trusts, enter on Form 1041, line 3.<br>• If you checked 32b, you must attach Form 6198. Your loss may be limited. | }  32a ☐ All investment is at risk.<br>32b ☐ Some investment is not at risk. | | | | | |

For Paperwork Reduction Act Notice, see the separate instructions.

Schedule C (Form 1040) 2023

QNA

*19*

Exh. 2 – Adm.

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

JOSE E MAYANCELA MAYANCELA

Schedule C (Form 1040) 2023                                    Link : 1          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                    **Page 2**

**Part III**  **Cost of Goods Sold (see instructions)**

| 33 | Method(s) used to value closing inventory: | a ☒ Cost | b ☐ Lower of cost or market | c ☐ Other (attach explanation) | | |
|---|---|---|---|---|---|---|
| 34 | Was there any change in determining quantities, costs, or valuations between opening and closing inventory? If "Yes," attach explanation | | | | ☐ Yes | ☒ No |

| | | | |
|---|---|---|---|
| 35 | Inventory at beginning of year. If different from last year's closing inventory, attach explanation | 35 | |
| 36 | Purchases less cost of items withdrawn for personal use | 36 | |
| 37 | Cost of labor. Do not include any amounts paid to yourself | 37 | |
| 38 | Materials and supplies | 38 | |
| 39 | Other costs | 39 | |
| 40 | Add lines 35 through 39 | 40 | |
| 41 | Inventory at end of year | 41 | |
| 42 | Cost of goods sold. Subtract line 41 from line 40. Enter the result here and on line 4 | 42 | |

**Part IV**  **Information on Your Vehicle.** Complete this part only if you are claiming car or truck expenses on line 9 and are not required to file Form 4562 for this business. See the instructions for line 13 to find out if you must file Form 4562.

43   When did you place your vehicle in service for business purposes? (month/day/year)  _____/_____/_____

44   Of the total number of miles you drove your vehicle during 2023, enter the number of miles you used your vehicle for:

a   Business _____   b   Commuting (see instructions) _____   c   Other _____

| | | | |
|---|---|---|---|
| 45 | Was your vehicle available for personal use during off-duty hours? | ☐ Yes | ☐ No |
| 46 | Do you (or your spouse) have another vehicle available for personal use? | ☐ Yes | ☐ No |
| 47a | Do you have evidence to support your deduction? | ☐ Yes | ☐ No |
| b | If "Yes," is the evidence written? | ☐ Yes | ☐ No |

**Part V**  **Other Expenses.** List below business expenses not included on lines 8–26, line 27b, or line 30.

| | |
|---|---|
| PHONE AT&T | 1200 |
| RENT | 8400 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| **48** Total other expenses. Enter here and on line 27a | **48** 9600 |

QNA                                                                Schedule C (Form 1040) 2023

Exh. 2 - Adm.

20

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

**SCHEDULE SE**
(Form 1040)

Department of the Treasury
Internal Revenue Service

# Self-Employment Tax

Attach to Form 1040, 1040-SR, 1040-SS, or 1040-NR.
Go to *www.irs.gov/ScheduleSE* for instructions and the latest information.

OMB No. 1545-0074

**2023**
Attachment
Sequence No. **17**

Name of person with self-employment income (as shown on Form 1040, 1040-SR, 1040-SS, or 1040-NR)
JOSE E MAYANCELA MAYANCELA

Social security number of person
with self-employment income   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

**Part I**   Self-Employment Tax

**Note:** If your only income subject to self-employment tax is **church employee income**, see instructions for how to report your income and the definition of church employee income.

A   If you are a minister, member of a religious order, or Christian Science practitioner and you filed Form 4361, but you had $400 or more of **other** net earnings from self-employment, check here and continue with Part I . . . . . . . . ☐

Skip lines 1a and 1b if you use the farm optional method in Part II. See instructions.

| | | |
|---|---|---|
| 1a | Net farm profit or (loss) from Schedule F, line 34, and farm partnerships, Schedule K-1 (Form 1065), box 14, code A . . . . . . | **1a** | |
| b | If you received social security retirement or disability benefits, enter the amount of Conservation Reserve Program payments included on Schedule F, line 4b, or listed on Schedule K-1 (Form 1065), box 20, code AH | **1b** ( ) |

Skip line 2 if you use the nonfarm optional method in Part II. See instructions.

| | | |
|---|---|---|
| 2 | Net profit or (loss) from Schedule C, line 31; and Schedule K-1 (Form 1065), box 14, code A (other than farming). See instructions for other income to report or if you are a minister or member of a religious order | **2** | 590 |
| 3 | Combine lines 1a, 1b, and 2 . . . . . . . . . . . . . . . . . . . . . . . . . . | **3** | 590 |
| 4a | If line 3 is more than zero, multiply line 3 by 92.35% (0.9235). Otherwise, enter amount from line 3 . | **4a** | 545 |
| | **Note:** If line 4a is less than $400 due to Conservation Reserve Program payments on line 1b, see instructions. | | |
| b | If you elect one or both of the optional methods, enter the total of lines 15 and 17 here . . . . . | **4b** | |
| c | Combine lines 4a and 4b. If less than $400, **stop**; you don't owe self-employment tax. **Exception:** If less than $400 and you had **church employee income**, enter -0- and continue . . . . . . . . . | **4c** | 545 |
| 5a | Enter your **church employee income** from Form W-2. See instructions for definition of church employee income . . . . . . . . . | **5a** | |
| b | Multiply line 5a by 92.35% (0.9235). If less than $100, enter -0- . . . . . . . . . . . . . | **5b** | |
| 6 | Add lines 4c and 5b . . . . . . . . . . . . . . . . . . . . . . . . . . . | **6** | 545 |
| 7 | Maximum amount of combined wages and self-employment earnings subject to social security tax or the 6.2% portion of the 7.65% railroad retirement (tier 1) tax for 2023 . . . . . . . . . . . . | **7** | 160,200 |
| 8a | Total social security wages and tips (total of boxes 3 and 7 on Form(s) W-2) and railroad retirement (tier 1) compensation. If $160,200 or more, skip lines 8b through 10, and go to line 11 . . . . . . . . . . | **8a** | |
| b | Unreported tips subject to social security tax from Form 4137, line 10 . . | **8b** | |
| c | Wages subject to social security tax from Form 8919, line 10 . . . . . | **8c** | |
| d | Add lines 8a, 8b, and 8c . . . . . . . . . . . . . . . . . . . . . . . . . | **8d** | |
| 9 | Subtract line 8d from line 7. If zero or less, enter -0- here and on line 10 and go to line 11 . . . . | **9** | 160200 |
| 10 | Multiply the smaller of line 6 or line 9 by 12.4% (0.124) . . . . . . . . . . . . . . . . | **10** | 68 |
| 11 | Multiply line 6 by 2.9% (0.029) . . . . . . . . . . . . . . . . . . . . . . . . . | **11** | 16 |
| 12 | **Self-employment tax.** Add lines 10 and 11. Enter here and on Schedule 2 (Form 1040), line 4, or Form 1040-SS, Part I, line 3 . . . . . . . . . . . . . . . . . . . . . . . . . | **12** | 84 |
| 13 | Deduction for one-half of self-employment tax. Multiply line 12 by 50% (0.50). Enter here and on Schedule 1 (Form 1040), line 15 . . . . . . . . . . . . . . . . . . . . . | **13** | 42 |

For Paperwork Reduction Act Notice, see your tax return instructions.
QNA

Schedule SE (Form 1040) 2023

Exh. 2 - Adm.

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

Form **8867**

(Rev. November 2023)

Department of the Treasury
Internal Revenue Service

### Paid Preparer's Due Diligence Checklist

Earned Income Credit (EIC), American Opportunity Tax Credit (AOTC),
Child Tax Credit (CTC) (including the Additional Child Tax Credit (ACTC) and
Credit for Other Dependents (ODC)), and Head of Household (HOH) Filing Status

To be completed by preparer and filed with Form 1040, 1040-SR, 1040-NR, 1040-PR, or 1040-SS.
Go to *www.irs.gov/Form8867* for instructions and the latest information.

OMB No. 1545-0074

For tax year
20 **23**

Attachment
Sequence No. **70**

| Taxpayer name(s) shown on return | Taxpayer identification number |
|---|---|
| JOSE MAYANCELA MAYANCELA | 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 |
| Preparer's name | Preparer tax identification number |
| FRANCISCO MONSERRATE FRANCO | P02346028 |

**Part I    Due Diligence Requirements**

Please check the appropriate box for the credit(s) and/or HOH filing status claimed on the return and complete the related Parts I–V
for the benefit(s) claimed (check all that apply).   ☒ EIC   ☐ CTC/ACTC/ODC   ☐ AOTC   ☐ HOH

| | | Yes | No | N/A |
|---|---|---|---|---|
| 1 | Did you complete the return based on information for the applicable tax year provided by the taxpayer or reasonably obtained by you? . . . . . . . . . . . . . . . . . . . . | ☒ | ☐ | |
| 2 | If credits are claimed on the return, did you complete the applicable EIC and/or CTC/ACTC/ODC worksheets found in the Form 1040, 1040-SR, 1040-NR, 1040-PR, 1040-SS, or Schedule 8812 (Form 1040) instructions, and/or the AOTC worksheet found in the Form 8863 instructions, or your own worksheet(s) that provides the same information, and all related forms and schedules for each credit claimed? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ☒ | ☐ | ☐ |
| 3 | Did you satisfy the knowledge requirement? To meet the knowledge requirement, you must do both of the following. <br>• Interview the taxpayer, ask questions, and contemporaneously document the taxpayer's responses to determine that the taxpayer is eligible to claim the credit(s) and/or HOH filing status. <br>• Review information to determine that the taxpayer is eligible to claim the credit(s) and/or HOH filing status and to figure the amount(s) of any credit(s) . . . . . . . . . . . . . . . . | ☒ | ☐ | |
| 4 | Did any information provided by the taxpayer or a third party for use in preparing the return, or information reasonably known to you, appear to be incorrect, incomplete, or inconsistent? (If "Yes," answer questions 4a and 4b. If "No," go to question 5.) . . . . . . . . . . . . | ☐ | ☒ | |
| a | Did you make reasonable inquiries to determine the correct, complete, and consistent information? . | ☐ | ☐ | |
| b | Did you contemporaneously document your inquiries? (Documentation should include the questions you asked, whom you asked, when you asked, the information that was provided, and the impact the information had on your preparation of the return.) . . . . . . . . . . . . | ☐ | ☐ | |
| 5 | Did you satisfy the record retention requirement? To meet the record retention requirement, you must keep a copy of your documentation referenced in question 4b, a copy of this Form 8867, a copy of any applicable worksheet(s), a record of how, when, and from whom the information used to prepare Form 8867 and any applicable worksheet(s) was obtained, and a copy of any document(s) provided by the taxpayer that you relied on to determine eligibility for the credit(s) and/or HOH filing status or to figure the amount(s) of the credit(s) . . . . . . . . . . . . . . . . . . . . | ☒ | ☐ | |
| | List those documents provided by the taxpayer, if any, that you relied on: <br> TAXPAYER PASSPORT ID AND SSN THE TAXPAYER IS REPORTING <br> CASH EARNED DURING 2023 | | | |
| 6 | Did you ask the taxpayer whether he/she could provide documentation to substantiate eligibility for the credit(s) and/or HOH filing status and the amount(s) of any credit(s) claimed on the return if his/her return is selected for audit? . . . . . . . . . . . . . . . . . . . . . . | ☒ | ☐ | |
| 7 | Did you ask the taxpayer if any of these credits were disallowed or reduced in a previous year? . . <br> (If credits were disallowed or reduced, go to question 7a; if not, go to question 8.) | ☒ | ☐ | ☐ |
| a | Did you complete the required recertification Form 8862? . . . . . . . . . . . . | ☐ | ☐ | ☐ |
| 8 | If the taxpayer is reporting self-employment income, did you ask questions to prepare a complete and correct Schedule C (Form 1040)? . . . . . . . . . . . . . . . . . . . . | ☒ | ☐ | ☐ |

**For Paperwork Reduction Act Notice, see separate instructions.**                                   Form **8867** (Rev. 11-2023)

QNA

Exh. 2 - Adm.

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

JOSE E MAYANCELA MAYANCELA                          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

**Form 8867** (Rev. 11-2023)                                                    Page **2**

| **Part II** | **Due Diligence Questions for Returns Claiming EIC** (If the return does not claim EIC, go to Part III.) | Yes | No | N/A |
|---|---|---|---|---|
| **9a** | Have you determined that the taxpayer is eligible to claim the EIC for the number of qualifying children claimed, or is eligible to claim the EIC without a qualifying child? **(If the taxpayer is claiming the EIC and does not have a qualifying child, go to question 10.)** . . . . . . . . . . . . . . . | ☒ | ☐ | |
| **b** | Did you ask the taxpayer if the child lived with the taxpayer for over half of the year, even if the taxpayer has supported the child the entire year? . . . . . . . . . . . . . . . . . | ☐ | ☐ | |
| **c** | Did you explain to the taxpayer the rules about claiming the EIC when a child is the qualifying child of more than one person (tiebreaker rules)? . . . . . . . . . . . . . . . . . . | ☐ | ☐ | ☐ |

| **Part III** | **Due Diligence Questions for Returns Claiming CTC/ACTC/ODC** (If the return does not claim CTC, ACTC, or ODC, go to Part IV.) | Yes | No | N/A |
|---|---|---|---|---|
| **10** | Have you determined that each qualifying person for the CTC/ACTC/ODC is the taxpayer's dependent who is a citizen, national, or resident of the United States? . . . . . . . . . . . . . | ☐ | ☐ | ☐ |
| **11** | Did you explain to the taxpayer that he/she may not claim the CTC/ACTC if the child has not lived with the taxpayer for over half of the year, even if the taxpayer has supported the child, unless the child's custodial parent has released a claim to exemption for the child? . . . . . . . . . . . | ☐ | ☐ | ☐ |
| **12** | Did you explain to the taxpayer the rules about claiming the CTC/ACTC/ODC for a child of divorced or separated parents (or parents who live apart), including any requirement to attach a Form 8332 or similar statement to the return? . . . . . . . . . . . . . . . . . . . . | ☐ | ☐ | ☐ |

| **Part IV** | **Due Diligence Questions for Returns Claiming AOTC** (If the return does not claim AOTC, go to Part V.) | Yes | No |
|---|---|---|---|
| **13** | Did the taxpayer provide substantiation for the credit, such as a Form 1098-T and/or receipts for the qualified tuition and related expenses for the claimed AOTC? . . . . . . . . . . . . | ☐ | ☐ |

| **Part V** | **Due Diligence Questions for Claiming HOH** (If the return does not claim HOH filing status, go to Part VI.) | Yes | No |
|---|---|---|---|
| **14** | Have you determined that the taxpayer was unmarried or considered unmarried on the last day of the tax year and provided more than half of the cost of keeping up a home for the year for a qualifying person? . . . . | ☐ | ☐ |

| **Part VI** | **Eligibility Certification** |
|---|---|

**You will have complied with all due diligence requirements for claiming the applicable credit(s) and/or HOH filing status on the return of the taxpayer identified above if you:**

A. Interview the taxpayer, ask adequate questions, contemporaneously document the taxpayer's responses on the return or in your notes, review adequate information to determine if the taxpayer is eligible to claim the credit(s) and/or HOH filing status and to figure the amount(s) of the credit(s);

B. Complete this Form 8867 truthfully and accurately and complete the actions described in this checklist for any applicable credit(s) and HOH filing status, if claimed;

C. Submit Form 8867 in the manner required; and

D. Keep all five of the following records for 3 years from the latest of the dates specified in the Form 8867 instructions under *Document Retention.*

    1. A copy of this Form 8867.

    2. The applicable worksheet(s) or your own worksheet(s) for any credit(s) claimed.

    3. Copies of any documents provided by the taxpayer on which you relied to determine the taxpayer's eligibility for the credit(s) and/or HOH filing status and to figure the amount(s) of the credit(s).

    4. A record of how, when, and from whom the information used to prepare this form and the applicable worksheet(s) was obtained.

    5. A record of any additional information you relied upon, including questions you asked and the taxpayer's responses, to determine the taxpayer's eligibility for the credit(s) and/or HOH filing status and to figure the amount(s) of the credit(s).

**If you have not complied with all due diligence requirements, you may have to pay a penalty for each failure to comply related to a claim of an applicable credit or HOH filing status (see instructions for more information).**

| | | Yes | No |
|---|---|---|---|
| **15** | Do you certify that all of the answers on this Form 8867 are, to the best of your knowledge, true, correct, and complete? | ☒ | ☐ |

Form **8867** (Rev. 11-2023)

QNA

Exh. 2 - Adm.

*73*

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

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

| Form **9325** (January 2017) | Department of the Treasury - Internal Revenue Service **Acknowledgement and General Information for Taxpayers Who File Returns Electronically** |

Thank you for participating in IRS *e-file.*

Taxpayer name  JOSE E MAYANCELA MAYANCELA

Taxpayer address (optional)

11 DIVISION ST APT 1

BROCKTON, MA 02301

1. [X] Your federal income tax return for  2023  was filed electronically with the  ANDOVER  Submission Processing Center. The electronic filing services were provided by  FAST TAX .

2. [X] Your return was accepted on  04/14/2024  using a Personal Identification Number (PIN) as your electronic signature. You entered a PIN or authorized the Electronic Return Originator (ERO) to enter or generate a PIN for you. The Submission ID assigned to your return is  04710720241056000736

3. [ ] Your return was accepted on  _____ Allow 4 to 6 weeks for the processing of your return. The Earned Income Credit or a dependent's exemption on your return may be reduced or disallowed due to a child's name and social security number mismatch.

4. [X] Your electronic funds withdrawal payment request was accepted for processing.

5. [ ] Your electronic funds withdrawal payment request was not accepted for processing. Refer to the "If You Owe Tax" section.

6. [ ] Your Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, was accepted on  _____ . The Submission ID assigned to your extension is  _____ .

## DO NOT SEND A PAPER COPY OF YOUR RETURN TO THE IRS.
## IF YOU DO, IT WILL DELAY THE PROCESSING OF THE RETURN.

### If You Need to Make a Change to Your Return

If you need to make a change or correct the return you filed electronically, you should send a Form 1040X, Amended U.S. Individual Income Tax Return, to the IRS Submission Processing Center that processes paper returns for your area. The address is available at *www.irs.gov*, or you can call the IRS toll-free at 1-800-829-1040.

### If You Need to Ask About Your Refund

The IRS notifies your Electronic Return Originator (ERO) when your return is accepted, usually within 48 hours. If your return was not accepted, the IRS notifies your ERO of the reasons for rejection. If it has been more than three weeks since the IRS accepted your return and you have not received your refund, go to *www.irs.gov* and click on "Where's My Refund?" to view your refund status. Exception: If box 3 above is checked, allow 4 to 6 weeks for processing of your return. A notice will be sent to you advising of changes to your return.

Also, you can call the TeleTax line at 1-800-829-4477, for automated refund information. You should have available the first social security number shown on your return, your filing status, and the exact amount of the refund you expect. TeleTax gives you the date for mailing or depositing your refund. You should receive your refund check within 30 days of the date given by TeleTax, or within one week of that date, if you chose direct deposit. If you do not receive it by then, or if TeleTax does not give your refund information, call the Refund Hotline at 1-800-829-1954.

ONA                              www.irs.gov                         Form **9325** (Rev. 1-2017)

24

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE





Exh. 2 - Adm.

Uploaded on: 04/15/2025 at 03:00:43 PM (Eastern Daylight Time)  Base City: CHE

<div align="center">

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

</div>

| | |
|---|---|
| **In the Matter of** ) | |
| ) | |
| **Jose Esteban Mayancela Mayancela** ) | File No.: **A#216-504-398** |
| *Respondent* ) | |
| **In Removal Proceedings** ) | |

<div align="center">

**CERTIFICATE OF SERVICE**

</div>

On <u>April 15, 2025,</u> I, Kevin MacMurray, certified that I have served a copy of attached supporting documentation to the Department of Homeland Security ("DHS") Litigation Unit via ECAS.


<div style="margin-left: 50%;">

<u>/s/ Kevin MacMurray</u>
Kevin MacMurray, Esq.
MacMurray & Associates,
Two Center Plaza, Suite 605
Boston, MA 021085
217 Broadway, suite 711
New York, NY 10007
Phone: (617) 742-8161
BBO# 558192

</div>

Dated: <u>April 15, 2025</u>

Exh. 2 - Adm.

IMMIGRATION COURT
150 APOLLO DRIVE, SUITE 100
CHELMSFORD, MA  01824


MacMurray & Associates
MacMurray, Kevin Patrick
2 center plaza suite 605
Sixth Floor
Boston, MA  02108


FILE: A216-504-398

RE:  MAYANCELA MAYANCELA, JOSE ESTEBAN


NOTICE OF CUSTODY REDETERMINATION HEARING IN IMMIGRATION PROCEEDINGS


PLEASE TAKE NOTE THAT THE ABOVE CAPTIONED CASE HAS BEEN
SCHEDULED/RESCHEDULED FOR A CUSTODY REDETERMINATION HEARING BEFORE THE
IMMIGRATION COURT ON Apr 17, 2025 AT 09:00 A.M. AT THE FOLLOWING ADDRESS:

                    150 APOLLO DRIVE, STE. 100
                    CHELMSFORD, MA  01824

YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE GOVERNMENT, BY
AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED TO REPRESENT PERSONS
BEFORE AN IMMIGRATION COURT.  IF YOU WISH TO BE REPRESENTED, YOUR ATTORNEY
OR REPRESENTATIVE SHOULD APPEAR WITH YOU AT THIS HEARING.


_____
                     CERTIFICATION OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL [M]  PERSONAL SERVICE [P]  ELECTRONIC SERVICE [E]
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [e ] ALIEN's ATT/REP  [e ] DHS
DATE: _____04/09/2025_____    BY:  COURT STAFF _____LJF_____
    Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
_____


                                                              U7

Uploaded on: 04/04/2025 at 10:15:23 AM (Eastern Daylight Time) Base City: CHE

**U.S. Department of Justice**
Executive Office for Immigration Review
*Immigration Court*

OMB#1125-0006

**Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court**

| (Type or Print) **NAME AND ADDRESS OF REPRESENTED PARTY** | | | **ALIEN ("A") NUMBER** (Provide A-number of the party represented in this case.) |
|---|---|---|---|

JOSE      E      MAYANCELA MAYANCELA

216-504-398

| (First) | (Middle Initial) | (Last) |
|---|---|---|

852 Crescent Street      #1

**Entry of appearance for** (please check one of the following):

| (Number and Street) | (Apt. No.) |
|---|---|

Brockton      MA      02302

| (City) | (State) | (Zip Code) |
|---|---|---|

- [ ] All proceedings
- [✓] Custody and bond proceedings only
- [ ] All proceedings other than custody and bond proceedings

**Attorney or Representative (please check one of the following):**

- [✓] I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest court(s) of the following states(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia (use additional space on reverse side if necessary), and I am not subject to any order disbarring, suspending, enjoining, restraining or otherwise restricting me in the practice of law in any jurisdiction (if subject to such an order, do not check this box and explain on reverse).

    Full Name of Court MASS SJC      **Bar Number (if applicable)** 558192

- [ ] I am a representative accredited to appear before the Executive Office for Immigration Review as defined in 8 C.F.R. § 1292.1(a)(4) with the following recognized organization:

- [ ] I am a law student or law graduate of an accredited U.S. law school as defined in 8 C.F.R. § 1292.1(a)(2).
- [ ] I am a reputable individual as defined in 8 C.F.R. § 1292.1(a)(3).
- [ ] I am an accredited foreign government official, as defined in 8 C.F.R. § 1291.1(a)(5), from _____ (country).
- [ ] I am a person who was authorized to practice on December 23, 1952, under 8 C.F.R. § 1292.1(b).

**Attorney or Representative (please check one of the following):**

- [✓] I hereby enter my appearance as attorney or representative for, and at the request of, the party named above.
- [ ] EOIR has ordered the provision of a Qualified Representative for the party named above and I appear in that capacity.

I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representations before the Immigration Court. By signing this form, I consent to publication of my name and any findings of misconduct by EOIR, should I become subject to any public discipline by EOIR pursuant to the rules and procedures at 8 C.F.R. 1003.101 *et seq.* I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID NUMBER | DATE |
|---|---|---|
| X _____ | IF640095 | 03/26/2025 |

**NAME OF ATTORNEY OR REPRESENTATIVE, ADDRESS, FAX & PHONE NUMBERS, & EMAIL ADDRESS**

Name: Kevin      P      MacMurray

| (First) | (Middle Initial) | (Last) |
|---|---|---|

Address: 2 Center Plaza      Suite 605

Law Firm: MacMurray & Associates

| (Number and Street) | |
|---|---|

Boston      MA      02108

| (City) | (State) | (Zip Code) |
|---|---|---|

Telephone: 617-742-8161      Facsimile: 617-742-1886      Email: kpm@macmurrayassociates.com

- [ ] Check here if new address

Form EOIR - 28
Rev. Feb. 2022

EOIR 1 of 2

Uploaded on: 04/04/2025 at 10:15:23 AM (Eastern Daylight Time) Base City: CHE

**Indicate Type of Appearance:**

☑ Primary Attorney/Representative          ☐ Non-Primary Attorney/Representative

☐ On behalf of _____ (Attorney's Name) for the following hearing: _____ (Date)

I am providing pro bono representation. Check one: ☐ yes ☑ no

---

**Proof of Service**

I (Name) Kevin P. MacMurray _____ mailed, emailed or delivered a copy of this Form EOIR-28 on (Date) _____

to the DHS (U.S. Immigration and Customs Enforcement – ICE) at _____

☑ No service needed. I electronically filed this document, and the opposing party is participating in ECAS.

X _____

Signature of Person Serving

---

**APPEARANCES** - An attorney or Accredited Representative (with full accreditation) must register with the EOIR eRegistry in order to practice before the Immigration Court (see 8 C.F.R. § 1292.1(f)). Registration must be completed online on the EOIR website at www.justice.gov/eoir. An appearance shall be filed on a Form EOIR-28 by the attorney or representative appearing in each case before an Immigration Judge (see 8 C.F.R. § 1003.17). A Form EOIR-28 shall be filed either as an electronic form, or as a paper form, as appropriate (for further information, please see the Immigration Court Practice Manual, which is available on the EOIR website at www.justice.gov/eoir). The attorney or representative must check the box indicating whether the entry of appearance is for custody and bond proceedings only, for all proceedings other than custody and bond, or for all proceedings including custody and bond. When an appearance is made by a person acting in a representative capacity, his/her personal appearance or signature constitutes a representation that, under the provisions of 8 C.F.R. part 1003, he/she is authorized and qualified to represent individuals and will comply with the EOIR Rules of Professional Conduct in 8 C.F.R. § 1003.102. Thereafter, substitution or withdrawal may be permitted upon the approval of the Immigration Judge of a request by the attorney or representative of record in accordance with 8 C.F.R. § 1003.17(b). Please note that although separate appearances in custody and non-custody proceedings are permitted, appearances for limited purposes within those proceedings are not permitted. *See Matter of Velasquez*, 19 I&N Dec. 377, 384 (BIA 1986). A separate appearance form (Form EOIR-27) must be filed with an appeal to the Board of Immigration Appeals (see 8 C.F.R. § 1003.38(g)). Attorneys and Accredited Representatives (with full accreditation) must first update their address in eRegistry before filing a Form EOIR-28 that reflects a new address.

**FREEDOM OF INFORMATION ACT** - This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is in 28 C.F.R. §§ 16.1-16.11 and appendices. For further information about requesting records from EOIR under the Freedom of Information Act, see How to File a Freedom of Information Act (FOIA) Request With the Executive Office for Immigration Review, available on EOIR's website at http://www.justice.gov/eoir.

**PRIVACY ACT NOTICE** - The information requested on this form is authorized by 8 U.S.C. §§ 1229(a), 1362 and 8 C.F.R. § 1003.17 in order to enter an appearance to represent a party before the Immigration Court. The information you provide is mandatory and required to enter an appearance. Failure to provide the requested information will result in an inability to represent a party or receive notice of actions in a proceeding. EOIR may share this information with others in accordance with approved routine uses described in EOIR's system of records notice, EOIR-001, Records and Management Information System, 69 Fed. Reg. 26,179 (May 11, 2004), or its successors and EOIR-003, Practitioner Complaint-Disciplinary Files, 64 Fed. Reg. 49237 (September 1999). Furthermore, the submission of this form acknowledges that an attorney or representative will be subject to the disciplinary rules and procedures at 8 C.F.R. 1003.101*et seq.*, including, pursuant to 8 C.F.R. §§ 292.3(h)(3), 1003.108(c), publication of the name of the attorney or representative and findings of misconduct should the attorney or representative be subject to any public discipline by EOIR.

**CASES BEFORE EOIR** - Automated information about cases before EOIR is available by calling (800) 898-7180 or (240) 314-1500.

**FURTHER INFORMATION -** For further information, please see the *Immigration Court Practice Manual*, which is available on the EOIR website at *www.justice.gov/eoir*.

**ADDITIONAL INFORMATION:**

---

Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete this form is six (6) minutes. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Executive Office for Immigration Review, Office of the General Counsel, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041.

EOIR 2 of 2

Form EOIR - 28
Rev. Feb. 2022

Uploaded on: 04/04/2025 at 10:14:02 AM (Eastern Daylight Time) Base City: LOW

**Kevin MacMurray, Esq.**
**MacMurray & Associates**                                        **DETAINED**
**Two Center Plaza, Suite 605**
**Boston, MA 02108**


### UNITED STATES DEPARTMENT OF JUSTICE
### EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### IMMIGRATION COURT
### CHELMSFORD, MASSACHUSETTS

|  |  |
|---|---|
| In the Matter of ) | |
| ) | |
| **JOSE ESTEBAN** ) | **File No. A 216-504-398** |
| **MAYANCELA MAYANCELA** ) | |
| *Respondent* ) | |

**Immigration Judge: TBD**
**Next Hearing: TBD**


<u>**RESPONDENT'S MOTION FOR BOND**</u>

EOIR 1 of 12

Exh. 1 - Adm.

Uploaded on: 04/04/2025 at 10:14:02 AM (Eastern Daylight Time) Base City: LOW

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **In the Matter of** | ) | |
| | ) | |
| **JOSE ESTEBAN** | ) | **File No. A 216-504-398** |
| **MAYANCELA MAYANCELA** | ) | |
| *Respondent* | ) | |
| | ) | |

## TABLE OF CONTENTS

**TAB**                                                                    **PAGE**

A.  Respondent's Motion For Bond ……………………………………………….. 1

B.  Screenshot Re: Respondent's Detained Location…………………………………4

C.  Proposed Order …………………….……………………………………….. 5

D.  Certificate of Service………………………………………………………… 6

EOIR 2 of 12

Exh. 1 - Adm.

Uploaded on: 04/04/2025 at 10:14:02 AM (Eastern Daylight Time) Base City: LOW

# EXHIBIT
# A

Uploaded on: 04/04/2025 at 10:14:02 AM (Eastern Daylight Time) Base City: LOW

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## CHELMSFORD, MASSACHUSETTS

|  |  |
|---|---|
| **In the Matter of** | ) |
|  | ) |
|  | ) |
| **JOSE ESTEBAN** | )   **File No. A 216-504-398** |
| **MAYANCELA MAYANCELA** | ) |
| *Respondent* | ) |
|  | ) |

### RESPONDENT'S MOTION FOR BOND

COMES NOW Respondent, by and through Undersigned Counsel, and respectfully moves this Honorable Court to grant a bond determination hearing and order their release on reasonable bond, pursuant to 8 C.F.R. § 1003.19 and INA § 236(a). **Respondent is currently detained at Plymouth County Correctional Facility in Plymouth, Massachusetts.** The facts of this case demonstrate that Respondent is not a flight risk, is not a danger to the community, and that detention is not necessary while there is a removal case pending. **Under 8 CFR Sec 1003.19 (c)(2) this Court maintains jurisdiction over this proceeding; this Court has administrative control over this case, meaning custodial responsibility for the Record of Proceeding as specified in 1003.11.**

### RULE OF LAW

1. Section 236(a) of the Immigration and Nationality Act ("INA") authorizes the Immigration Court to release the Respondent from detention during removal proceedings. To grant bond, the Court must be satisfied that the Respondent does not pose a danger to persons or property and is not likely to abscond.

2. Bond should be granted unless it can be established that the individual is a threat to national security, likely to abscond, or a poor bail risk. See Matter of Patel, 15 I&N Dec. 666 (BIA 1976); Matter of Daryoush, 18 I&N Dec. 352 (BIA 1982); but see 8 C.F.R. § 236.1(c)(8), 1236.1(e)(8) (shifting the presumption toward detention). The Court may base its custody determination on any information presented by the Respondent or the Department of Homeland Security ("DHS"). See 8 C.F.R. § 1003.19(d).

3. As noted in Matter of Guerra, 23 I&N Dec. 37 (BIA 2006), the factors generally considered for bond include the following:
   - *whether the applicant has a fixed address in the U.S.;*
   - *length of residence in U.S.;*

1

Uploaded on: 04/04/2025 at 10:14:02 AM (Eastern Daylight Time) Base City: LOW

- *local family ties and whether the ties may entitle the applicant to reside in the U.S.;*
- *record of appearances in court;*
- *employment history or lack of employment;*
- *criminal record, including the extensiveness of criminal activity, the recent nature of such activity and the seriousness of the offenses;*
- *pending criminal charges;*
- *history of immigration violations;*
- *attempts to flee prosecution or otherwise escape from authorities;*
- *manner of entry;*
- *membership in community organization;*
- *immoral acts or participation in subversive activities;*
- *financial ability to post bond.*

4.  The evidence in this case demonstrates that Respondent satisfies these factors, and their continued detention is unnecessary.

## RESPONDENT IS NOT A DANGER TO THE COMMUNITY

5.  There is no evidence that Respondent poses any danger to the community or to national security. DHS has not provided any evidence to the contrary, and there are no allegations of violent behavior or gang affiliation.

6.  Respondent entered the United States in or around December 2014, fleeing persecution in Ecuador. Upon entering this country, Respondent experienced significant language, cultural, and economic barriers, preventing him from learning about asylum and seeking legal assistance.

7.  Respondent had an Individual Hearing on March 10, 2020. While he received an order of removal, he is appealing his case with the Board of Immigration Appeals and his appeal is currently pending.

8.  Currently, Respondent is working diligently with his attorney to seek legal relief through the appropriate channels and has acted in good faith throughout his immigration proceedings.

9.  Additionally, Respondent has significant ties to his community in Brockton, where he has lived and worked since his arrival. He has maintained a stable residence and employment throughout his entire time here in the United States.

## RESPONDENT IS NOT A FLIGHT RISK

10. Respondent is not a flight risk as he has a fixed address and family ties; he has done everything he can to comply with immigration requirements by hiring counsel and seeking to proceed with his immigration proceedings.

Exh. 1 - Adm.

Uploaded on: 04/04/2025 at 10:14:02 AM (Eastern Daylight Time) Base City: LOW

## RESPONDENT'S FINANCIAL ABILITY

11. Respondent has limited financial resources. A high bond amount would impose a severe financial hardship on him and his family. If the Court deems bond necessary, we respectfully request that the Court set a bond in the amount of $1,500 or an amount that considers the Respondent's limited financial means. Alternatively, the Respondent is willing to comply with any conditions set by the Court, including routine check-ins or GPS monitoring.

## CONCLUSION

12. Based on the foregoing, Respondent respectfully requests this Honorable Court grant his Motion for Bond and order his release. Respondent has demonstrated that he is not a danger to the community, is not a flight risk, and is fully prepared to continue complying with all immigration requirements. We respectfully request that the Court release Respondent on his own recognizance or, in the alternative, set a reasonable bond amount based on his financial hardship.

Respectfully submitted,

_____

Kevin MacMurray, Esq.
Two Center Plaza, Suite 605
Boston, MA 02108
(617) 742-8161
BBO# 558192

EOIR 6 of 12

Exh. 1 - Adm.

3

Uploaded on: 04/04/2025 at 10:14:02 AM (Eastern Daylight Time) Base City: LOW

# EXHIBIT B

Exh. 1 – Adm.

search

Uploaded on: 04/04/2025 at 10:14:02 AM (Eastern Daylight Time) Base City: LOW



Report

Main Menu

< BACK TO RESULTS

## Facility Page

### Detention Information For:

**JOSE ESTEBAN MAYANCELA MAYANCELA**
**Country of Birth:** Ecuador
**A-Number:** 216504398

### Current Detention Facility:

PLYMOUTH COUNTY CORRECTIONAL FACILITY

26 LONG POND RD

PLYMOUTH, MA 02360

**Visitor Information:** (508) 830-6200

MORE INFORMATION >



https://locator.ice.gov/odls/#/details
Exh. 1 - Adm.

Privacy - Terms

1/3

Uploaded on: 04/04/2025 at 10:14:02 AM (Eastern Daylight Time) Base City: LOW

# EXHIBIT C

EOIR 9 of 12

Exh. 1 - Adm.

Uploaded on: 04/04/2025 at 10:14:02 AM (Eastern Daylight Time) Base City: LOW

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

|  |  |
|---|---|
| **In the Matter of** | ) |
| | ) |
| **JOSE ESTEBAN** | )    **File No. A 216-504-398** |
| **MAYANCELA MAYANCELA** | ) |
| *Respondent* | ) |
| | ) |

**ORDER OF THE IMMIGRATION JUDGE**

Upon consideration of the Respondent's Motion for Bond, it is HEREBY ORDERED that the
motion be ☐**GRANTED**  ☐**DENIED** because:
[ ] DHS does not oppose the motion.
[ ] The respondent does not oppose the motion.
[ ] A response to the motion has not been filed with the court.
[ ] Good cause has been established for the motion.
[ ] The court agrees with the reasons stated in the opposition to the motion.
[ ] The motion is untimely per _____.
    Other:

Deadlines:
[ ] The application(s) for relief must be filed by _____.
[ ] The respondent must comply with DHS biometrics instructions by _____.

_____        _____
Date                                             Immigration Judge

_____
                                    Certificate of Service
This document was served by: [ ] Mail [ ] Personal Service

To: [ ] Alien [ ] Alien c/o Custodial Officer [ ] Alien's Atty/Rep [ ] DHS

Date: _____  By: Court Staff_____

EOIR 10 of 12

Exh. 1 - Adm.

5

Uploaded on: 04/04/2025 at 10:14:02 AM (Eastern Daylight Time) Base City: LOW

# EXHIBIT

# D

Uploaded on: 04/04/2025 at 10:14:02 AM (Eastern Daylight Time) Base City: LOW

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**CHELMSFORD, MASSACHUSETTS**

|  |  |
|---|---|
| **In the Matter of** ) | |
| ) | |
| **JOSE ESTEBAN** ) | **File No. A 216-504-398** |
| **MAYANCELA MAYANCELA** ) | |
| *Respondent* ) | |
| ) | |

**PROOF OF SERVICE**

On April 4, 2025, I, Kevin MacMurray, certify that I have served a copy of Respondent's Motion for Bond to the Department of Homeland Security Office of Chief Counsel at:

> Office of the Principal Legal Advisor
> U.S. Immigration and Customs Enforcement
> 150 Apollo Drive, Suite 200
> Chelmsford, Massachusetts 01824

/s/
Kevin MacMurray, Esq.
BBO # 558192
MacMurray & Associates
Two Center Plaza, Suite 605
Boston, MA 02108
(617) 742-8161

EOIR 12 of 12

Exh. 1 - Adm.